*Beatty* for plaintiff; *McClung and Taylor* for defendants.

---

Debt.

Case 57.

October 31.

Case stated.

## Kelly vs Lank and Stephens.

ERROR TO THE WARREN CIRCUIT.

*Practice. Oyer. Official acts of Public Officers. Pleading. Evidence.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

LANK AND STEPHENS, for the use of Brewster, brought a suit in debt, upon a record of the State of Mississippi, the object of which was to recover against Kelly, as surety of Ferguson and Sibly, on a forthcoming bond, which purports to have been executed for the delivery of four slaves, levied on as the property of Ferguson, on the day of sale, and which is avowed to have been returned by the Sheriff to the Court as forfeited for the non-delivery of

the property, as required by the statute of said State, which statute gives to the bond the force and effect of a judgment, and upon which execution may be taken.

KELLY
*vs*
LANK AND STE-
PHENS.

Numerous pleas were filed, to which demurrers were sustained, some of which, namely: the 2d, 5th and 7th only, we deem necessary to notice.

The pleadings.

The second plea alledges that there is no such judgment, and prays the judgment of the Court.

The fifth plea in substance avers that he signed and sealed said bond as the surety only, and delivered the same to Ferguson, one of the principals, as an escrow, to be delivered to the Sheriff, upon the terms and conditions only, that all the principals in the execution should execute the same, and that Tilman, one of the principals, had never executed the bond, nor had the bond ever been delivered by him to the Sheriff in any other manner than as averred.

The seventh plea pleads the same matter as is relied on in the fifth plea, with the additional matter interlarded into the plea, that the bond was in blank when delivered to Ferguson, and was afterwards filled up and delivered to the Sheriff without the signature of Tilman.

Issues were taken upon three other pleas:

1st. That the said bond had not the force and effect of a judgment.

2d. That the condition of said bond had not been forfeited.

And 3d. The general plea of *non est factum.*

And upon the trial, a verdict was found for the plaintiff, and judgment rendered thereon, from which the defendant has appealed to this Court.

A preliminary question was raised in the progress of the case, namely: that the suit was prosecuted without authority from the plaintiffs, or right on the part of Brewster, for whose use it was prosecuted. The Court, upon affidavits, discharged the rule, and permitted the suit to progress, and we are satisfied he did right. The affidavit of Faulkner shows that Lank and Stephens, the plaintiffs, had transferred all their assets to himself and one Pendleton, as trustees, for the benefit of all his creditors, preferring however, in the assignment, the debt due to the late firm

One of the trustees to whom debts have been assigned to pay creditors may give authority to one of a firm of unsatisfied and prefered creditors to sue for the recovery of an assigned debt for his own benefit without the assent of the other trustee.

KELLY
*vs*
LANK AND STE-
PHENS.

of Brewster & Co. and three others; that the debts of two of the other preferred creditors had been paid, and he believed the third had been paid, and the debt to the company of Brewster had not been paid, and that he as trustee, gave authority, and recognized the right of Brewster to sue, as the means of obtaining the debt due to his firm. This affidavit alone is sufficient to authorize the suit in the name of Lank and Stephens. It was not necessary to prove the assent of the other trustee. As Faulkner had the unquestionable right, as one of the trustees of Lank and Stephens, to use their names in the prosecution of suits to collect their assets, so he might give authority to another to use their names, or recognize and give sanction to a suit already instituted. Nor is it any objection to the suit, or to the right to proceed with it by the attornies, that it has been instituted for the *use of Brewster alone*, and not for the use of his firm. The distribution of the fund when collected, is a matter between him and his firm, and cannot affect his right to use the names of Lank and Stephens in the prosecution of the suit, even if he had not made affidavit that upon a dissolution, he was entitled to the whole interest in the debt due them, and for the satisfaction of which he had instituted this suit.

It is also objected that profert is not made, nor oyer given of the original forthcoming bond. If the bond had not been raised to the dignity of a judgment by the statutes of Mississippi, but was only made returnable to the Court as a part of the proceedings in the case, the defendant had no right to oyer of the original, nor was the plaintiff bound to make profert of it. It was not in the possession, or under the control of the plaintiffs, but in the custody of the law, and might be inspected there by the defendant as well as the plaintiffs, and that too without the aid of the statute of this State; (5 *Coke,* 74 *b.* 76 *a.*) *Moore's executor* vs *Paul,* (2 *Bibb,* 330;) *Anderson* vs *Barry & Co.,* (2 *J. J. Marshall,* 270.)

A plaintiff suing upon a forfeited delivery bond given in a sister State, which by the laws thereof has the force of a judgment, is not bound to give oyer—the instrument is in custody of the law: (5 *Coke,* 74, *b.* 76, *a.*; 2 *Bibb,* 330; 2 *J. J. Marshall,* 270.)

In relation to the pleas numbers five and seven, it is questionable whether they could be sustained. If the bond should have no other force or effect given to it than an ordinary bond taken by a sworn officer in the discharge of

Is it a good plea to an action on any bond taken by a sworn officer in the dis-

an official duty, and returned to the Court as such, in that point of view, it would constitute a part of the return of a sworn officer, taken in the discharge of an official duty, and in the execution of the process of the Court, and the defendant having acknowledged his signature and seal, and to that extent became a party to the proceedings, it may be well doubted whether he could be allowed to contradict, collaterally by evidence in *pais*, the return of the officer.

But the bond, by the statute of Mississippi, upon its return to the office as forfeited, is declared "to have the *force* and *effect* of a judgment, and upon which execution may be taken out, as upon a judgment, for the amount of the original execution ;" and the question arises, can it be impeached collaterally by evidence *in pais ?* We think it cannot. It composes a part of a judicial proceeding in Mississippi, is record evidence of right in the plaintiffs, sanctioned by the return of a sworn and responsible officer, and could not, as we believe, be collaterally impeached by evidence *dehors* the record. While it remains in force unreversed or annulled by any direct mode of proceeding, it is record evidence of right in the plaintiffs, and could only be impeached by evidence of as high a grade as itself. This principle has been frequently recognized and sanctioned by this Court, as well in relation to judgments, decrees and patents from the Commonwealth, as in reference to returns made and bonds taken by officers in the discharge of their official duty, in the execution of the process of the Court. In the case of *Trigg, &c. vs Lewis' executor,* (3 *Littell,* 132,) this Court decide that a Sheriff's return that he had sold land taken in execution, and received a sale bond, is conclusive of the fact of sale, the execution of the bond, and who were the purchasers and sureties, unless falsified by a judicial sentence in a proceeding to which the Sheriff was a party. In the case of *Hornbeck* vs *Smith*, it is decided that the return of a Sheriff on a writ of *habere facias possessionem*, is conclusive of the facts returned. And in the case of *Taylor* vs *Lewis*, (2 *J. J. Marshall*, 400,) which was the case of a proceeding in chancery to enjoin a judgment that had been recovered against an in-

*Marginal notes:*

KELLY
*vs*
LANK AND STEPHENS.

charge of his official duty to aver that it was delivered as an escrow or in blank on condition.—Qur.

Such pleas are not good to an action of debt on a delivery bond which constitutes a judgment of record when forfeited ;—such bonds cannot be questioned collaterally by evidence *in pais.* (3 *Litt.* 132 ; 2 *J. J. Marshall,* 400; 4 *Bibb,* 329.)

KELLY
vs
LANK AND STE-
PHENS.

fant for land, on the return of a Sheriff of service of process on him, when he was out of the county and no process was ever executed, this Court decide that the *return* of service was *conclusive*, and the infant's remedy, if it was false, was against the Sheriff.

The same doctrine is established in numerous other cases. Indeed, if the return of an officer can be impeached collaterally, by evidence in parol, the whole record may be impeached, for the return is often the basis upon which the validity of the entire record rests.

Even in the case of patents, in the emanation of which there is no judicial proceeding, and in which there is but one party and no adversary interests litigated, it being regarded and established as *record* evidence of title, it cannot be collaterally impeached by evidence *in pais*, as was decided by this Court in the case of *Bledsoe's devisees* vs *Wells*, (4 *Bibb's Rep.* 329.)

These being the doctrines in this State, we must conclude that similar doctrines prevail in Mississippi. And if so, then Kelly, if he delivered the bond as an escrow, as alledged in his plea, or when the same was in blank, could only get rid of its force and effect upon him, as a judgment in that State, in a direct proceeding in the Court to which it was returned, to quash or set it aside, or otherwise annul it, or take his remedy against the Sheriff for a false return. If annulled by the judgment of the Court, such judgment being of as high grade of evidence as the bond, which is constituted record evidence of right in the plaintiff, might be relied on to impeach it when proceeded on as a judgment, and no inferior grade of evidence would be *competent*.

*This Court will presume that the mode of avoiding the force of bonds, matters of record in Mississippi, by a direct proceeding and not collaterally, is the same in Mississippi as in Kentucky.*

If the bond in Mississippi has the force and effect of a judgment, and record evidence of right in the plaintiff, which cannot be collaterally impeached, has it the same force and effect here? We cannot doubt that it has. Article IV, Section 1st, of the constitution of the United States, (1 *Stat. Laws*,) provides that, *"Full* faith and credit shall be given in each State, to the public acts, *records* and judicial *proceedings* of every other State. And the Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall

*The record and judicial proceedings of States have the same force in every other state where made. Con. U. S. IV. Art. Sec. 1; Story no Con. 180-1-2-3.*

be proved and the *effect* thereof." And the Congress of the United States has, in pursuance to the authority delegated in the latter clause of said section, by the act of 26th May, 1790, after providing the mode for authenticating the acts, records and judicial proceedings of the States, declared, "and the said *records* and judicial *proceedings*, authenticated as aforesaid, shall have such faith and credit given to them, in every Court in the United States, as they have by law or usage, in the Courts of the State from whence the said records are or shall be taken."

It follows, that if the *records* and judicial *proceedings* of the State of Mississippi cannot be collaterally questioned there, neither can they be collaterally questioned here. If the bond and return of the officer there is a judicial proceeding, constituting a part of the *record*, and cannot be impeached by evidence *in pais* there, neither can it be impeached, by such evidence here. It is not merely the *judgment* or *decree* rendered in a judicial proceeding, that has the same force and effect given to them, as in the State where they are rendered, but the *records* and *judicial proceedings* in a sister State, are to have the same force and effect given to them that they have by *law* or *usage* in the State from whence the said *records* are or shall be taken: (3 *Story on the Constitution*, 180–81–2–3.

These views apply to, and dispose of, the 2d, 5th and 7th pleas quoted, to which demurrers were sustained by the lower Court. And as to the second plea, it is not a plea of *nul tiel record*, but a plea that there is no such judgment, which was intended, no doubt, to negative the fact averred, that the bond had the force and effect of a judgment here, and it has been so treated by the counsel. The pleas Nos. five and seven, present issues of fact to the country, impeaching the bond collaterally, which, as has been shown, cannot be done.

But if we should be mistaken in these views, the plea of *non est factum* was allowed and issue taken to the country upon it. Upon that plea the defendant might have availed himself of any defence which he could have relied on under the pleas that were rejected, and did at-

*Matter of evidence being offered and properly rejected under one plea, which might have been offered, and been equally liable to rejection under pleas which were demurred out, presents no ground for a new trial.*

*Is the plea of non est factum a valid plea to an action on a bond taken by a public officer, which when forfeited has the force of a replevy bond? QUR.*

tempt to do so. And having failed and a verdict found against him, we should not feel disposed to reverse the judgment merely for the rejection of pleas presenting the same matter of defence. But we would here remark, that we are scarcely prepared to concede that the plea of *non est factum* upon which issue was taken, is less objectionable than the pleas which were adjudged bad. It may have been allowed under the idea that if Kelly had never put his name or seal to the paper returned as a bond, nor had any concern with it or participation in the transaction, that he might rely upon that fact collaterally, to discharge himself from the bond. This obviously would present a hard case, but from the views taken and authorities cited, it is certainly questionable whether he could be allowed to do so, in a defence to this action.

There are two points of view in which perhaps the plea might have been allowable: 1st. Where the Court in Mississippi had no jurisdiction over the subject. 2d. Where there was another person of the same name of the defendant, Kelly, and the bond was not executed by the defendant, but by the other person of the same name. These matters might, perhaps, be relied on under the general plea of *non est factum*. But if they might, they certainly could be presented in more appropriate pleas.

The deposition of Ferguson, one of the principals in the bond, was offered in behalf of Kelly and rejected by the Court, which is assigned for error. It was properly rejected on the score of interest, as in principle was decided in the case of *Hunter* vs *Gatewood*, (5 *Monroe*, 268; *Riddle* vs *Moss*, (7 *Cranch*, 206.) The mere fact that Kelly, in making defence to, and resisting the payment of the bond, has pleaded *non est factum* and sworn to it, cannot prevent him from going upon his principal for the debt and all costs incurred in the defence of the action. He was brought into his condition by his principal, and has a right to make any and every defence which his counsel, in the management of his cause, might deem necessary; and if he is defeated and pays the debt and costs, he has a right to recover both from his principal. And if he has, the interest of Ferguson is greater on the

The principal in a delivery bond is not a competent witness to sustain the plea of *non est factum* for the surety— he is incompetent on account of his liability over to the surety for the judgment for costs. (5 *Monroe*, 268; 7 *Cranch*, 206).

side of Kelly, by the amount of the costs, than it is on the side of the plaintiffs.

The deposition of the Sheriff who took the bond, was objected to by the defendant, and the objection overruled by the Court, and the deposition read in behalf of the plaintiffs, and we think properly. The Sheriff acted as *quasi* agent in the transaction, and as such, was competent as a witness to sustain his return.

Upon the whole, we think there was no error in the proceedings and the judgment is, therefore, affirmed with costs.

*Underwood* for plaintiff; *Letcher & Tilford* for defendants.

A Sheriff who takes a delivery bond, is a competent witness for the plaintiff in a suit on such bond.