### DOUGLAS, *et al.*, *v*. TWOMBLY.

Where an execution has been issued on a judgment; been levied on personal property and a delivery bond given and returned forfeited, a new judgment springs into existence immediately upon the forfeiture, and the original judgment is extinguished, though the bond is defective in omitting the condition prescribed by *section 51, ch. 68, Dig.*

A writ of error will not lie to the original judgment, where there has been a forfeited delivery bond; but if there be any defects or informalities upon the face of the execution, the delivery bond, or the return and forfeiture, the proper tribunal to consider them is the court from which the execution issued and at the term to which it was returnable.

*Error to Arkansas Circuit Court.*

*Plea in abatement of the writ.*

L. A. PINDALL, for plaintiffs.

WATKINS & ROSE, for defendant.

CLENDENIN, J.

The defendant in error instituted his suit, by petition and summons, against the plaintiffs in error, upon a promissory note. Such proceedings were had in the circuit court that final judgment was rendered in that court against the defendants there, and they have sued out their writ of error to this court.

Upon the return of the writ of error, the defendant in error filed his plea, setting up, in substance, that, on the judgment rendered by the circuit court in this case, he sued out, and there was issued, a *fieri facias* execution, which was levied on the personal property of one of said plaintiffs in error, who, for the purpose of retaining possession of said property, entered into a delivery bond, with security, which bond was returned with the execution, forfeited, by the sheriff. To which plea a

replication of *nul tiel record* is filed by the plaintiffs in error, and issue thereon by the defendant; and this issue we are called upon to determine.

It is now the settled rule of this State, approved by a continued series of adjudications, that where an execution has issued on a judgment, been levied on personal property, a delivery bond given and returned forfeited, a new judgment springs into existence immediately upon the forfeiture, and that a writ of error will not lie to the original judgment, because it is extinguished, *eo instanti*, upon the forfeiture, by the statutory judgment. *Frazier v. McQueen, et al., 20 Ark., 68,* and cases cited.

Our present law concerning delivery bonds derived its main features from the law of Virginia; and in that State it is held that, if a forthcoming bond is forfeited, the execution is at an end, because the forfeiture had the effect of a judgment, and execution issued against all the obligors on the statutory or constructive judgment. *Cook v. Piles, 4 Munf., 153.* And in Mississippi, where the law of Virginia was also substantially adopted, a forthcoming bond had the force and effect of a judgment, when forfeited. No judicial action was necessary to produce that result, and execution issued on this statutory as upon any other judgment. *4 Howard's (Miss. R.), 350.* And so effectual is this satisfaction, that, after a delivery bond taken and forfeited, a second execution, levy and bond, on the original judgment, are utterly void. *Witherspoon v. Spring, 3 Howard (Miss. R.), 60.* And in *Clark v. Anderson, 2 Howard (Miss.), 853,* it was said that " the forthcoming bond, after forfeiture, becomes, by operation of law, a judgment, and necessarily extinguishes the former judgment, because two judgments are not allowed at the same time against the same person, on the same cause of action.".

And the Supreme Court of the United States, in *Brown v. Clark, 4 Howard, 9,* upon this point, say that "the lien of the first judgment ceases, and a new and more comprehensive lien arises, upon the statutory judgment, embracing the property of both

principal and sureties in the forthcoming bond, and no action of the court is necessary on the forfeited bond. As soon as the bond is forfeited, the old judgment is extinguished, and a new lien attaches." And this court, in the case of *Biscoe, et al., v. Sandefur, et al., 14 Ark., 584,* says that "this new judgment is considered as possessing the qualities, force, effect and dignity of a judgment obtained in the ordinary mode of proceeding according to the course of the common law, and in a court of competent jurisdiction."

We thus see, from these authorities, that, immediately upon the forfeiture of the delivery bond, a new judgment sprang into existence.

But it is contended, by the appellant's counsel, that the delivery bond in this case was defective, and that, therefore, no valid judgment could be created by its forfeiture, and that the original judgment is still in force.

Upon the inspection of the transcript of the execution, levy, delivery bond and return of the sheriff, offered as evidence on the issue now before us, we find that the delivery bond does not contain one of the conditions required by law. The 51st section of chapter 68, Digest of Arkansas, declares that "hereafter, besides the conditions now prescribed by law, there shall be inserted in every delivery bond, taken by any officer, a further condition, that, in case the property specified in said bond shall not be delivered, as provided therein, the said bond shall have the force and effect of a judgment, on which an execution may be issued against all the obligors thereof." This condition should, no doubt, have been incorporated in the bond, but being left out, and being defective in that respect, can we consider it in this collateral inquiry? We think we can not do so. As we have before remarked, immediately upon the forfeiture of the bond there was a new judgment created by the statute, and that judgment is still in existence and beyond our control (not being before us by appeal or writ of error), and although based, it may be, upon voidable proceedings, still it is, by law, the judgment of a competent tribunal. If there

were defects or informalities upon the face of the execution, the delivery bond, or the return and forfeiture, the proper tribunal to have considered such defects or informalities was the court from which they issued, and to which they were returnable, and who could, as a court of first resort, have quashed the execution, or set aside the delivery bond and the return, and whose action would have been the subject of review in this court, upon a case properly presented by appeal or writ of error. But the objection, not having been made in that court, can not be considered in this.

And this position is, we think, maintained by the Supreme Court of Kentucky, in the case of *Kelly v. Larok & Stephens*, 7 *B. Mon.*, *223*. In that case, a suit was instituted on a judgment rendered in the State of Mississippi, upon a judgment on a forfeited delivery bond, and the court say: "But the bond, by the statute of Mississippi, upon its return to the office as forfeited, is declared 'to have the force and effect of a judgment, and upon which execution may be taken out, as upon a judgment, for the amount of the original execution,' and the question arises, can it be impeached collaterally by evidence *in pais?* We think it can not. It composes part of a judicial proceeding in Mississippi; is record evidence of right in the plaintiffs, sanctioned by the return of a sworn and responsible officer, and could not, as we believe, be impeached by evidence *de hors the record*. While it remains in force, unreversed or annulled by any direct mode of proceeding, it is record evidence of right in the plaintiffs, and could only be impeached by evidence of as high a grade as itself."

In Mississippi, the court say, "the statute gives to a forfeited forthcoming bond the effect of a judgment, but there is, in truth, no judgment, as the court does not pass upon it; nor is any judgment entered on the record. If the bond was defective, or irregularly taken, it might have been quashed, but can not be reached by writ of error." *3 Howard*, (*Miss. R.*,) *421*. And in *Moody v. Harper*, *28 Miss. R.*, *624*, the court say: "It is now the settled law of this State that the circuit

court has no jurisdiction to quash a forthcoming bond after the return term to which it is returned forfeited, and that an order quashing such a bond is void."

And, in the case of *Reardon, ex parte, 9 Ark., 453*, this court incidentally say : "But, inasmuch as, in the examination of the question decided, other questions, touching the remedy, when the bond is insufficient for defects apparent upon its face, or upon the face of the bond and execution, as where it is insufficient for a reason that would sustain a plea of *non est factum*, have, to some extent, come under our observation, we will remark that all the authorities seem to concur that, after the term has elapsed to which the bond is returned, relief for either cause is beyond the power of that court, unless in cases where the bond is an absolute nullity. This position, seeming to be based upon the idea that the court of law would no more set aside, at a subsequent term, that which, by operation of law, has the force and effect of a judgment, than it would an actual judgment formally entered up at a preceding term ; and that, after the lapse of that term, relief is alone to be sought in a court of chancery, seeming to base this position upon the ground that that court, when the party's claim for relief grows out of circumstances that would have sustained a plea of *non est factum* at law, could fully relieve on a substantive ground of equitable interpositionby as similating this statutory judgment, thus obtained, to a judgment obtained by fraud, without any fault on the part of the defendant."

And, in the case of *Ruddell v. Macgruder, 11 Ark., 583*, this court say : "During the return term, the court may, on motion, pass on the sufficiency or insufficiency of the bond, for defects apparent upon its face, or upon the face of the bond and execution. But after the return term has elapsed, all relief against the bond is beyond the power of that court, unless in cases where the bond is an absolute nullity." * * * "Where the bond has been forfeited, it has, by operation of law, the force and effect of a judgment, on which execution may issue, and the sheriff's return to that effect is conclusive record evidence of the fact of forfeiture."

And, in the case of *Biscoe, et al., v. Sandefur, et al.*, *14 Ark.*, *486*, this court say that "it is proper to observe that, as a forth-coming bond, whilst in force, under the existing law, is a satisfaction of the first judgment, a faulty or irregular bond may be quashed on motion, at the return term of the execution, and thus remove the impediment to proceeding on the judgment." See, also, *16 Ark., 635*.

In the light of these authorities, and for the reasons given, we find the issue for the appellee, and that the writ of error in this case must be dismissed.