GEORGE L. MILES'S EX'R v. JAMES E. STONE, ET AL.

**Principal and Surety—Competency of Witness Against Executor.**

Where an executor sues a principal and his sureties on a note, and the sureties defend, Secs. 22 and 25 of Chap. 37, General Stat., render such principal incompetent as a witness against the executor, and this is true even if such principal is offered as a witness after judgment has been taken against him.

APPEAL FROM LOUISVILLE CHANCERY COURT.

December 4, 1877.

OPINION BY JUDGE LINDSAY:

The executor of George L. Miles, deceased, sued Sams and Stone and these appellees, in the Jefferson Court of Common Pleas, on a note in which Stone was principal and these appellees were sureties. The appellees answered and defended on the ground that Miles had,

in consideration of various sums of money paid by Stone, agreed to extend and actually had extended the time of payment, and that all this was done without their knowledge or consent.

Judgment by default was taken against Stone, and then, on motion, the cause was transferred to the Louisville Chancery Court. The deposition of Stone was taken by the sureties, and the facts proved by him fully sustained their defense. The appellant objected to the competency of Stone as a witness. His objections were overruled, and judgment was rendered dismissing his petition. The competency of Stone is the sole question before this court on the appeal prosecuted from that judgment.

Sec. 25, Chap. 37, Gen. Stat., provides: "No party shall be allowed to testify by virtue of Section 22 in any action or special proceeding where the adverse party is the executor or administrator of a deceased person."

Stone ceased to be a party to the action when the final judgment was rendered against him in the common pleas court, and was not a party to the record when he gave his deposition to be read on the trial in the chancery court. But so far as his sureties might incur additional costs in attempting to sustain their defense he was a party in interest, as he is legally bound to indemnify them against their liability for these costs. *Hunter v. Gatewood,* 5 T. B. Mon. 268; *Ross v. Ross,* 3 Met. 274; *Kelly v. Lank and Stephens,* 7 B. Mon. 220.

In the case of *Manion's Adm'r v. Lambert's Adm'x,* 10 Bush 295, this court held that "The word 'party' in section 25 (Chap. 37, Gen. Stat.) is the equivalent of the word 'person' in section 22. To restrict the word 'party' to 'parties to the record' would be inconsistent with the whole tenor and spirit of the act, the evident intention of which was to put parties as nearly upon an exactly equal footing as possible; and it is the duty of the courts to construe the act, which is wholly remedial in its nature, liberally, with a view to effectuate the objects of the legislature."

As Stone is interested in the event of the action he is disqualified to testify, by the terms of the two sections, 22 and 25, as construed in the case just cited. Hence the court below erred in refusing to sustain the objections to his deposition.

For said error the judgment is *reversed* and the cause remanded with instructions to the chancellor to sustain said objections, and

for such further proceedings consistent with this opinion as may seem to him to be proper in view of the rights of the parties.

*Harlan & Wilson, for appellant.    Muir & Bigar, for appellees.*