Geo. Mitchell v. The Commonwealth.

CASE 43—INDICTMENT—DECEMBER 9.

# Geo. Mitchell v. The Commonwealth.

APPEAL FROM MADISON CIRCUIT COURT.

1. In an attempt to impeach a witness, evidence of bad character, at a time· long anterior to the time of trial, is not admissible, until there is some· proof that his character is then bad.

2. The jury having found appellant guilty of murder, and there being an instruction as to voluntary manslaughter, the failure of the court to instruct the jury as to the law of involuntary manslaughter did not. prejudice him.

JAS. B. McCREARY FOR APPELLANT.

1. The court erred in excluding evidence as to the bad character of Pratt two years before the trial. (46 Barb., 128; Am. Law Reg., N. S., vol. 6.)

2. Erred in instructing the jury, and in failing to instruct upon involun-· tary manslaughter. (Holloway v. The Commonwealth, 11 Bush, 346; Phillips v. Same, 2 Duv., 328; Young v. Same, 6 Bush, 312; Bohannon v. Same, 8 Ibid, 481; Conner v. Same, 13 Bush, 718; 1 Bishop's, Crim. Law, sec. 940; Buckner v. Same, 14 Bush, 601; Cicero Brown v. Same, MS. Opin., 1879.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellant, on an indictment for murder, was convicted. and sentenced to the penitentiary for life. On this appeal he complains—

*First.* That the court erred in rejecting important evidence;

*Second.* In giving instructions; and

*Third.* In refusing to instruct the jury as to the law of involuntary manslaughter.

As to the first objection: appellant offered to prove by C. K. Oldham that he knew the character of the witness Pratt· some two years prior to that time, and that, for truth, it was bad. The witness stated that he had lived in the same:

community for the last three years, but that he was not prepared to state what Pratt's character was at that time. The court refused to permit the evidence as to the character of Pratt two years prior to the time the witness Oldham was speaking, and of this appellant complains. There was no evidence in the case as to what the character of Pratt was at the time the witness Oldham was called to impeach him, and no other effort made, in a method to be available in this court, to prove that the character of Pratt was then not good; although it appears from the record that he was then residing in the same community in which he resided at the time in reference to which the witness Oldham was called to testify.

In order to impeach a witness the evidence of bad character should be directed to the time of trial, and to this end, under proper circumstances, evidence of previous bad character is competent. While the evidence of bad character at a time previous may tend to show the character of the witness at the present, it should be admitted with some caution. When the witness has a permanent and long-continued residence in the community in which it is attempted to impeach him, the evidence of bad character, at a time long anterior, should not be admitted until a basis is laid by other proof tending to show that the character is then bad. The onus of proving bad character is on the party attacking, and the burden should not be shifted so lightly as to make the presumption of good character of no avail. The thing to be established is the character at the time, and the best evidence of that is the testimony of those who know the then character of the witness, and when such evidence is manifestly within the reach of the party making the attack an inferior grade of evidence should not be admitted.

In Young v. Commonwealth (6 Bush, 317), it is said:

"The witness Lewis does not state that he knew the general reputation of Frank Young among his neighbors. when he was called to testify. He said he knew him in Harlan county in 1863, and before; the strong inference from which is, that since that period, and among his present neighbors, he did not know his general reputation. But unless he had stated he was acquainted with his character among his neighbors at the time he testified, he should not have been permitted to speak of it."

In Keaton v. People (32 Michigan, 485), evidence of the bad character of a witness four years previous was admitted on the ground that the witness whose character was attacked had no very long residence at any one place, and that his. residence at the place where the attacking witness knew him was as long as at any other.

In The People v. Abbott (19 Wendell) such evidence of bad character, six or seven years previous to the trial, was admitted after other evidence as to the then character of the witness sought to be impeached had been heard.

In Rogers v. Lewis (19 Ind.) and in Aurora v. Cobb (21 Ind.) it was held that testimony must go to the time of trial, and that evidence of bad character two or three years prior to the time of trial was not competent.

But as holding a contrary view, counsel rely upon the case of Rathbun v. Ross (46 Barb.), and that case cites. Sleeper v. Van Middlesworth (4 Denio). In Rathbun v. Ross, the witness was permitted to testify that the character of the person whose evidence was attacked was bad four years previous to the trial and at his then place of residence. The material difference between that case and this is, that there the witness had changed his residence after the for-

:mation of a bad character, and here the residence was con-
tinued at the same place.    In the Rathbun-Ross case, the
witness whose character was attacked had resided many years
at the place where the attacking witness knew him and only
some three or four years at the place of trial.    Evidently it
was considered by the court that a residence of three or four
years at one place was not a sufficient length of time in
which to form a character, and admitted the evidence of pre-
vious bad character upon the same principle that such evi-
dence is admitted where the party impeached has no fixed
or permanent residence at the time the inquiry into character
is instituted.

The case of Manion v. Lambert (10 Bush, 295) is not in
conflict with the views we have expressed herein.    Other
persons had been examined as to the character of Baker for
truth at the time of the inquiry, and Turner stated that
Baker had not resided in that vicinity for six or eight years,
and that he had had no opportunity to form an opinion as to
Baker's then character.    The effort made to prove the char-
acter of the witness Baker at the time, and the proof of his
removal from the place of inquiry, brings that case within
the rule laid down here.

The instructions given by the court are substantially cor-
rect, and the failure of the court to instruct as to the law of
involuntary manslaughter was not prejudicial to appellant.
The court had already instructed as to the law of voluntary
manslaughter—intentional killing without malice—and as the
jury found the killing to have been done with malice, the
instruction as to involuntary manslaughter could not have
been of any service to appellant.

Judgment affirmed.

Geo. Mitchell v. The Commonwealth.

To a petition for rehearing—
JUDGE HINES DELIVERED THE RESPONSE OF THE COURT.

The first point suggested in the petition, in reference to the rejection of the testimony of Hamilton, is not available: first, because his statement would not have been competent; and second, the answer of Hamilton, before the court could rule upon the competency of the evidence, shows that appellant could not have been prejudiced. The offer was not to prove the acts of Pratt, but that "Pratt by his acts made him, Hamilton, believe that he, Pratt, had a pistol, and that, believing this, he had gone behind the counter to see." To this Hamilton answered that he did not. It is clear that the evidence was not competent, and that if competent, the failure to allow Hamilton's statement to go to the jury could not have prejudiced appellant.

As to the second suggestion in the petition for rehearing we think it clear that there is nothing demanding a response. What appellant said when he got his gun is obviously incompetent. It was no part of the *res gestæ*, and to permit it to go to the jury would be to allow appellant to make evidence for himself and in reference to a matter that could not have changed the finding.

Petition overruled.