## ROBERT ANDERSON *v.* COMMONWEALTH.

**Homicide—Malice.**

> While it is the better rule for a trial court in the trial of a homicide case to omit any definition of malice, still, where the court does attempt to define it and it does not appear that it could have mislead the jury to the defendant's prejudice, this court will not reverse on account of it.

**Voluntary Manslaughter Instruction.**

> An instruction regarding voluntary manslaughter is technically incorrect in apparently restricting the law to a case when the heat of passion was produced by a blow or trespass to the person killing. The passion must arise from what the law regards as an adequate cause, and there may be other causes than a trespass or a blow.

**Death from Wound.**

> Every person is held to contemplate and to be responsible for the natural consequences of his own acts. But where a wound inflicted is not dangerous in itself, and death results from improper treatment or from disease subsequently contracted, not superinduced by or resulting from the wound, the accused is not punishable for homicide.

### APPEAL FROM JEFFERSON CIRCUIT COURT.

#### January 8, 1880.

OPINION BY JUDGE HINES:

Appellant complains of instructions 1, 2, 3, and 4, as abstract propositions of law, unauthorized by the evidence and misleading to the jury. So far as 1 and 4 are concerned we are of the opinion that they not only present the law properly, but that the evidence in the case rendered it necessary to so present it. While in our opinion it would have been better in this case as in all others to omit any

definition of malice as attempted in the second instruction, yet it does not appear that it could have been misleading or in any way prejudicial to appellant. It must appear to this court that the error complained of operated to the prejudice of the accused before we will reverse on his appeal. (*Bush v. Commonwealth,* 78 Ky. 268.)

The third instruction in regard to voluntary manslaughter is substantially correct, yet technically incorrect in apparently restricting the law to a case when the heat of passion was produced by a blow or trespass to the person killing. The passion must proceed from what the law regards an adequate cause, and while there may be other causes than a blow or actual trespass to the person killing, yet there is nothing in this record to indicate the existence of any such cause, nor to authorize the jury in finding that there was heat of passion unless produced as indicated in the instruction.

The facts of this case, taken with the finding of the jury, do not demand an instruction as to the law of involuntary manslaughter. The jury were instructed in the law of voluntary manslaughter,—killing without malice,—and they found that the killing was done with malice and fixed the highest punishment known to the law. They found as a matter of fact that malice did exist when they were told that they might find that the killing was done in the absence of malice, and it could not therefore have changed the finding on this point to have instructed in the lower degree of manslaughter. *Mitchell v. Commonwealth,* 78 Ky. 219.

As to the 5th instruction applied to the facts of this case, we are of the opinion that it is substantially correct. In *Bush v. Commonwealth,* 78 Ky. 268, it is said: "The rule of the common law would seem to be, that if the wound was a dangerous wound, that is, calculated to endanger or destroy life, and death ensued therefrom, it is sufficient proof of murder or manslaughter; and that the person who inflicted it is responsible, though it may appear that the deceased might have recovered if he had taken proper care of himself, or submitted to a surgical operation, or that unskilful or improper treatment aggravated the wound and contributed to the death, or that death was immediately caused by a surgical operation rendered necessary by the condition of the wound."

The principle upon which this rule is founded is that every one is held to contemplate and to be responsible for the natural consequences of his own acts. But if the wound is not dangerous in itself, and death results from improper treatment or from disease

subsequently contracted, not superinduced by or resulting from the wound, the accused is not punishable for homicide.

The wound in this case was of such a nature as to render it reasonably certain that death would result therefrom unless prevented by surgical aid, and therefore of such a character as to render such aid proper and necessary. Not only was surgical aid necessary, but the wound was of such a nature that immediate relief was absolutely essential to the preservation of life. If death had resulted without surgical aid being called, or before it could be brought to bear, it is clear the accused would have been guilty of murder, as he would have been if the blow had resulted in instant death. Under such circumstances nothing more is required under the law than is specified in the fifth instruction. The jury was given the law substantially as we have intimated in the Bush case, and as favorably to the appellant as he has a right to ask, and in such a way as not, in our judgment, to be misleading.

The sixth instruction is as favorable to appellant as he has a right to demand, and in our judgment, more so.

There was no error in refusing instructions. The whole law applicable to the facts of this case was fully presented, and it appears to us that appellant has had a fair and impartial trial, and that the judgment of the court below should be *affirmed*.

*R. H. Thompson, for appellant. Hardin, for appellee.*