### RICHARD TAYLOR *v.* COMMONWEALTH.

**Criminal Law—Change of Venue.**

 An application for a change of venue in a criminal case must be in writing, sworn to by the defendant, and the applicant must produce and file the affidavits of at least two other credible persons not relatives nor of counsel for the defendant, and the court may hear evidence orally or by affidavit in order to determine the facts as to the credibility of the witnesses making the affidavits for the change of venue.

APPEAL FROM CUMBERLAND CRIMINAL COURT.

February 3, 1880.

OPINION BY JUDGE HINES:

Sec. 1, Art. 4, Chap. 12. Gen. Stat., provides: "That when a criminal or penal prosecution is pending in any court, the judge

thereof shall, upon the application of the defendant, order the trial to be had in some other adjacent county to which there is no valid objection, if it appears that the defendant cannot have a fair trial in the county where the proceeding is pending."

Such application must be made by petition in writing, verified by the affidavit of the defendant; and the applicant must produce and file the affidavits of at least two other credible persons, not of kin to nor of counsel for the defendant, stating they are acquainted with the state of public opinion in the county or counties objected to, and the attorney for the commonwealth must have reasonable notice in writing of such application.

The first question presented on the appeal is: Should the court below on such application hear evidence as to the credibility of the parties making the affidavit provided for in the last clause of the section quoted above?

It will be observed that it must be made to appear to the court below that the defendant cannot have a fair trial in the county where the prosecution is pending, and that the application for the change of venue must be accompanied by the affidavits of the accused and of at least two other credible persons. Two things must concur to secure a change of venue. First, that the court must believe that the accused cannot have a fair trial in the county where the prosecution is pending; second, that the evidence upon which the court is authorized to reach a conclusion favorable to the application shall consist of the testimony of at least two credible witnesses not of kin nor of counsel to the applicant. As the statute provides no method by which the credibility of the affiants are to be tested it seems to us proper that the court should hear evidence by affidavit or by oral statement, as may suit the convenience of the court, in order to determine the facts as to the credibility of the witnesses making the affidavits for the change of venue. Otherwise the ends of justice might be defeated by the affidavits of persons publicly known to be corrupt and unworthy of belief on oath.

Such a construction, when the court exercises a sound discretion, can work no great hardship to the accused. In this instance, however, we think the court, before overruling the motion for a change of venue, should have allowed the accused an opportunity to produce other affidavits in support of his application, and if any two were found to be credible and not of kin nor of counsel the change of venue should have been allowed. For the failure of the court to

31

give reasonable time to file such additional affidavits before overruling the motion the case should be reversed and an opportunity allowed the accused to offer such additional affidavits.

The court also erred in overruling the motion for a continuance and in rejecting the testimony as to the character of Mrs. Davis during the war. Evidence was already in as to her character at the time she testified, which rendered the evidence as to character anterior competent, as decided by this court in the case of *Mitchell v. Commonwealth, 78* Ky. 219.

Judgment *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*R. F. Spencer, for appellant.   Hardin, for appellee.*