EMANUEL WILSON v. COMMONWEALTH.

**Criminal Law—Evidence.**

Evidence having been introduced as to the character of a witness at the trial in a criminal case, at the time of the trial, it is competent to prove by a witness what the character was two or three years prior to the trial.

APPEAL FROM GRAVES CIRCUIT COURT.

February 18, 1880.

OPINION BY JUDGE HINES:

The instructions given covered the whole law of the case, and the refusal to give instruction "A," asked for by counsel for appellant, was properly refused for that reason, and for the additional reason that it attempted to add an element to the offense that is not contemplated by the statute. It is clearly within the power of the legislature to make it a penitentiary offense to unlawfully detain a woman against her will, with the intent to have carnal knowledge with her. This is the offense denounced by the statute, and is the law as given to the jury. The legislature having the constitutional power to pass such a law, and having thus clearly expressed itself, we do not feel authorized to add a new ingredient to the offense as would be done by sanctioning the instruction asked for by the appellant's counsel.

There was no error in admitting the evidence of Col. Crossland as to the character of the principal witness, as known to him some two or three years prior to the time of the trial. Other evidence having been introduced as to the character at the time of the trial, it was competent to show what the character was prior to that. time. This question is fully discussed and decided in the case of *Mitchell v. Commonwealth,* 78 Ky. 219.

Judgment *affirmed.*

*Bone & Stanfield, Moorman & Jamison, for appellant.*
*Hardin, for appellee.*