[No. 1290.]

## THE STATE OF NEVADA, RESPONDENT, *v.* JOSEPH F. ESPINOZEI, APPELLANT.

CRIMINAL LAW — LARCENY — EVIDENCE — VENUE — VERDICT.—On a trial for larceny direct evidence was given of the defendant's possession of the stolen horse in an adjoining county, and circumstantial evidence of his taking the same in the county where the case was tried: *Held,* that a verdict of guilty was warranted by the evidence.

IDEM — CHARACTER OF DEFENDANT.— Where evidence was introduced of defendant's bad character while residing near the place of trial: *Held,* that in order to strengthen the case, other evidence was admissible as to his character while residing in a neighboring state fifteen years before.

IDEM—EVIDENCE—PREPARATIONS FOR FLIGHT.—A telegram offering horses for sale, sent by defendant shortly after leaving the place where the larceny was committed, is admissible as tending to prove a desire to speedily dispose of property and flee.

IDEM — POSSESSION OF STOLEN PROPERTY — INSTRUCTIONS. — An instruction that in order to convict, the jury must believe beyond a reasonable doubt that the animal was taken by the defendant in the county of trial, and must draw no inference of his guilt from the fact that they believed he had the animal in another county, was properly refused.

IDEM.— An instruction that the accused is bound to explain the possession of stolen property, in order to remove its effect as a circumstance to be considered by the jury in connection with other circumstances indicative of guilt: *Held,* correct.

IDEM — INSTRUCTIONS — KNOWLEDGE OF CRIME.— Where there was no evidence of defendant's knowledge that another had committed the larceny, an instruction that such knowledge was not a circumstance from which the conclusion of guilt could be drawn was properly refused.

APPEAL from the District Court of the State of Nevada, Lander County.

R. R. BIGELOW, District Judge.

The facts are sufficiently stated in the opinion.

*D. C. McKenney* and *D. S. Truman,* for Appellant.

I.　The court erred in admitting the telegram in evidence. It did not tend to prove preparation for flight, because the time as to conversation for sale of horses was not shown. Without this foundation the evidence was wholly irrelevant. (*State v. Soule,* 14 Nev. 453; *State v. Daugherty,* 17 Nev. 376.)

II.   The court erred in admitting testimony of bad character of defendant in state of California.   (Whar. Cr. Ev., Sec. 487.)

III.   The court erred in refusing to give defendant's second instruction.   (*People* v. *Parks*, 44 Cal. 105; Whar. Cr. Ev., 107.)

IV.   The court erred in refusing the third instruction.   The burden of proof of every material fact to constitute the offense charged rests on the state, and here one of the material facts to be proven, by competent evidence, is the fact that a crime has been committed in Lander county, and the defendant's agency therein.   (*State* v. *Davidson*, 30 Vt. 377; 73 Am. Dec. 312; *State v. Keeler*, 28 Iowa, 551; *People* v. *Bennett*, 49 N. Y. 137.)

V.   The court erred in refusing to give instruction four. When proof of a fact is based on circumstantial evidence it is the well settled law of this and other states, that this instruction should have been given.   (*State* v. *Hamilton*, 13 Nev. 394; *State* v. *Nelson*, 11 Nev. 341; *Horne* v. *State*, 1 Kan. 42; 81 Am. Dec. 499; *State* v. *Grebe*, 17 Kan. 461; *People* v. *Williams*, 32 Cal. 280; *Sumner* v. *State*, 5 Blackf. 676; *Commonwealth* v. *Goodwin*, 14 Gray, 57; *People* v. *Lambert*, 5 Mich. 367; *People* v. *Phipps*, 39 Cal. 333; *Campbell* v. *State*, 10 Tex. App. 565; *Commonwealth* v. *York*, 9 Met. 93; 43 Am. Dec. 373; *Findley* v. *State*, 5 Blackf. 576; 36 Am. Dec. 557; *Commonwealth* v. *Webster*, 5 Cush. 295; 52 Am. Dec. 711.

VI.   The court erred in refusing the tenth instruction.   (*People* v. *Ramirez*, 13 Cal. 172; *People* v. *Williams*, 17 Cal. 148; Whar. Cr. Ev., Sec. 440; Bish. Cr. L., Secs. 207, 642, 893; *Connoughty* v. *State*, 1 Wis. 143.)

*John F. Alexander*, Attorney General, and *W. D. Jones*, District Attorney of Lander County, for Respondent:

The court did not err in admitting the evidence of defendant's character fifteen years ago.   (1 Bish. Cr. L., Sec. 1118; Law. Pr. Ev. 180; *Sleeper* v. *Van Middlesworth*, 4 Den. 431; *McMahon* v. *Harrison*, 6 N. Y. 443.)

By the Court, BELKNAP, J.:

Defendant was convicted of the larceny of a horse.   He appeals from the judgment, and from an order overruling a motion for a new trial.

1.   The first assignment of error is that the verdict is contrary to the evidence.   The only point necessary to consider under this head relates to the sufficiency of the evidence touch_

ing the *venue*—the question being whether the larceny was committed in Lander county, as alleged in the indictment, or in an adjoining county. Witnesses introduced by the prosecution testified to defendant's possession of the stolen horse in a neighboring county, but the evidence was circumstantial as to the taking in Lander county. The evidence was that the stolen animal—a colt—was accustomed to range in the immediate vicinity of the place in Lander county where he had been raised and was owned; that he was always gentle, never more than a mile from his owner's home, and could be found at any time in an hour's search. This evidence tended to prove that the animal was upon his accustomed range at the time of the larceny. It is urged that he may have strayed into the adjoining county of Eureka. This is possible; but the probability of his having done so is not shown by any evidence touching the proximity of the Eureka county line to the locality where the animal ranged, or his propensity to stray. But, in any event, the issue upon this point was submitted with instructions favorable to defendant, and the jury was warranted in finding that the crime was committed in Lander county.

2. Exceptions were taken to the orders of the court in admitting evidence. One of these was the admission of the testimony of a witness upon the part of the state as to the character defendant had at Santa Clara, in the state of California, some fifteen years ago when he resided there. Testimony had been introduced tending to prove bad character in defendant in the neighborhood in which he resided at the time of the trial, and the objected testimony was offered and allowed for the purpose of strengthening the case. The testimony was correctly admitted. In *Mitchell* v. *Commonwealth*, 78 Ky. 221, 39 Am. Rep. 227, testimony tending to impeach a witness by proving his character two years prior was rejected because there was no proof that his character was then bad, although he was then residing in the same community in which he resided at the time in reference to which the witness was called to testify. The court said: "In order to impeach a witness the evidence of bad character should be directed to the time of trial, and to this end, under proper circumstances, evidence of previous bad character is competent. While evidence of bad character at a time previous may tend to show the character of the witness at the present, it should be admitted with some caution. When the witness has a permanent

and long-continued residence in the community in which it is attempted to impeach him, the evidence of bad character at a time long anterior should not be admitted until a basis is laid by other proof tending to show that the character is then bad." In *People* v. *Abbot*, 19 Wend. 200, it is said: "The character of the prosecutrix for truth and veracity had already been slightly impeached, when it was proposed to follow that out by showing that it was also bad several years before. The inquiry is not in its nature limited as to time. The character of the habitual liar or perjurer seven years since would go at least to fortify the testimony which should now fix the same character to the same person. Witnesses must speak on this subject in the past tense. Character cannot be brought into court and shown to them at the moment of trial. A long-established character for good or for evil is always more striking and more to be relied on than that of a day, a month, or a year." The other exception was to the introduction of a copy of a telegraphic message sent by defendant from Beowawe to John Pollock, at Austin, and reading as follows: "Do you want my horses, price I gave you? Answer." It appeared that defendant, learning that the Lander county authorities were investigating the larceny, collected money due him from his employer, and left ostensibly for Eureka. He rode to a station on the railroad leading from Palisade to Eureka, where he took the cars in the opposite direction and went to Palisade, and thence by the Central Pacific Railroad to Beowawe, when he sent the message. The message was offered as tending, in connection with the other circumstances, to show preparation for flight, and was clearly admissible. Its terms import a previous offer to sell defendant's horses, and the renewal of an offer by telegram under the circumstances tended to prove a desire to speedily dispose of the property, and flee.

3. The remaining exceptions are based upon the refusal of the court to give certain instructions asked for by defendant, and numbered, respectively, 2, 3, 4, 5, 7, 10, and 12. No. 2 is as follows: "The jury is instructed that before they can convict defendant of the crime charged in the indictment you must first be satisfied beyond a reasonable doubt that the animal mentioned in the indictment was taken and stolen by the defendant in Lander county; and you can draw no inference of guilt against the defendant should you believe beyond a reasonable

doubt that the defendant had such animal in his possession in Nye county, Nevada." The prosecution established the larceny by circumstantial evidence only. Recent possession of the stolen animal was one of the links in the chain of evidence fastening the crime upon the defendant, and was a fact proper for the jury to consider. No. 7 is as follows: "The jury is instructed that when there is no other evidence tending to establish the guilt of the defendant except the fact of his having the possession of the property stolen, and the jury believes that the defendant gives a reasonable account of such possession, it is your duty to acquit the defendant." The instruction was inapplicable, because there was other evidence tending to establish defendant's guilt. Upon this point the court instructed as follows: "When a stolen horse is found in the possession of a person accused of the theft, the accused is bound to explain the possession in order to remove its effect as a circumstance to be considered by the jury in connection with other circumstances indicative of guilt." No. 10 is a request to charge the jury that knowledge by the defendant that another had committed the larceny was not of itself a circumstance from which the conclusion could be drawn that defendant took any part in the commission of the offense. The evidence contained in the record nowhere suggests a knowledge on the part of defendant that some other person committed the offense. The proposition was therefore inapplicable. Again, it was misleading. The jury was instructed in the law relating to principal and accessory upon the theory that some other person participated in the crime. If defendant acquired knowledge of the offense as an accomplice, according to the theory of some of the instructions he would have been equally guilty with the principal. We deem it unnecessary to set forth at length Nos. 3, 4, 5, and 12. The principles of law upon which instructions were asked by them, were fully covered by other instructions given by the court. The order and judgment of the district court are affirmed.