SAMUEL HOLMES, Appellant, *v.* LEMUEL STATELER, Appellee.

### APPEAL FROM MARSHALL.

A party may show, where a witness resided in a particular county for several years, that his character for truth was bad; although the witness may have been roving for some years preceding the trial at which his character was impeached.

THIS was an action of assumpsit, begun August 24th, 1854, by Stateler against Holmes, in the Marshall Circuit Court.

Plea of non-assumpsit filed October 20, 1854.

The case was tried in October, 1855, before HOLLISTER, Judge, and a jury.

Plaintiff read the deposition of John B. Stateler, his brother, taken in Iowa, in September, 1854, in which witness testified, that about the 9th of November, 1850, at Sacramento City, plaintiff loaned to defendant, in the presence of witness, twenty-five ounces of gold dust, worth sixteen dollars per ounce; and that the customary rate of interest in California was five per cent. per month.

Holmes then, after proving that the witness, John B. Stateler, had resided in Marshall county, Illinois, from 1837 to 1848, and that since 1848 he has resided in different places in California and Iowa, offered to prove that during all the time he resided in Marshall county, Illinois, his character for truth and veracity was bad. This proof was excluded by the court, and defendant excepted.

T. L. DICKEY, for Appellant.

N. H. PURPLE, for Appellee.

CATON, J. Before proceeding to the merits of this case, we feel called upon to remark that most of this voluminous record has nothing to do with the case here, and cannot be examined by this court. It does not properly constitute a part of the record. The clerk has copied several commissions, with the interrogatories attached, and then the returns thereto, and the depositions themselves, which are not embodied in the bill of exceptions. These should be excluded in taxing the costs.

The only question which we think it necessary to examine is, the exclusion, by the court, of the testimony offered to impeach John B. Stateler, who was examined as a witness on the part of the plaintiff below. The trial took place in October, 1855, and the bill of exceptions states that the defendant proved that the witness was a resident of Marshall county, from 1836 or 1837, till the fall of the year 1847 or 1848, and that since the year 1848, the witness had resided in different places in the States of Iowa and California. He then offered to prove that the general character of the witness for truth and veracity was bad during all the time he resided in Marshall county. This, we think, the court improperly excluded. If, during the eleven years that the witness resided in that county, his character was bad, it might well have authorized the jury to presume that his testimony was not now entitled to their entire confidence. It is true that this evidence may not have been entitled to as much weight as would

evidence showing that it was bad at the time of the trial, by the testimony of witnesses who were then acquainted with his reputation among his neighbors, but still it was beyond all doubt competent to be considered by the jury.   If the testimony offered was incompetent, then might the most abandoned man, by floating about from Iowa to California for six or seven years, not staying long enough in any one place to establish a character, be introduced upon the stand as a witness and set all impeachment at defiance.   The witness, it is not doubted, might have reformed since he left Marshall county; but it does not necessarily follow that he did reform.   If he did so reform, it was quite as easy for the plaintiff to prove that fact as for the defendant to prove that his character still continued bad.   The evidence should have been admitted to the jury, to be by them considered, and allowed its proper weight, in their deliberations.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*