JUDGE COFER
delivered the opinion oe the court.
Section 22, chapter 37, General Statutes (p. 413), provides that “no person shall be disqualified as a witness in any civil action or special proceeding by reason of his interest in the event of the same as party or otherwiseand section 25 of the same chapter provides that “ no party shall be allowed to testify by virtue of section 22 in any action or special proceeding where the adverse party is . . . the executor or administrator of a deceased person.” Subsections 1, 2, 3, 4, 5, and 6 of the latter section make sundry exceptions to the rule laid down in the first clause of that section which we have quoted, but none of them admit a person holding an. interest adverse to an *297 executor or administrator to testify to facts occurring before the death of the decedent.
The word party in section 25 is the equivalent of the word person in section 22. To restrict the word party to parties to the record would be inconsistent with the whole tenor and spirit of the act, the evident intention of which was to put parties as nearly upon an exactly equal footing as possible; and it is the duty of the courts to construe the act, which is wholly remedial in its nature, liberally, with a view to effectuate the objects of the legislature.
The distributee of an estate is not a competent witness for the administrator of his intestate in an action in the name of the administrator against the administrator of another deceased person. The word party has reference to the persons made competent by section 22, which when construed with section 25 leaves all persons incompetent now to testify against an administrator as to facts occurring before the death of the decedent who would have been incompetent before the passage of the act.
In an action in the name of an administrator on a covenant made to him as such, covenanting to do certain repairs and make certain improvements on the land in part payment of rent, the cost of making the repairs and improvements may be recovered, but no recovery can be had for an injury to the inheritance or depreciation in the rental value of the land after the term expires. It is only in virtue of the covenant that the administrator can recover at all, and the recovery must be limited to the damages resulting to him by the breach, which is the cost of making the repairs and improvements contracted for. The injury to the land and the depreciation of its rental value are injuries to the rights of the heir, and not to those of the administrator.
The jury was properly left to decide whether the twelve acres in dispute was embraced in the lease. Evidence that it *298 was not considered a part of the farm, and was not so understood by the parties, does not contradict or vary the terms of the writing.
As appellant did not avow what he expected the witness Turner would state if permitted to answer the question propounded, we can not decide that the court erred in refusing to permit him to answer; but as the same question may arise upon the retrial of the case, we may save the parties cost and delay by deciding now that the question was a proper one; and if the witness would answer that the character of Baker for truth was bad when he knew him, it should be allowed to go to the jury for what it is worth. We know of no rule which limits a party impeaching a witness to an inquiry as to his character at the time of the trial.
The testimony of Griffin, whose wife was a distributee of the appellant’s intestate, was not objected to by appellee, and his admission as a witness for appellant did not cure the error in admitting the testimony of a distributee of appellee’s intestate.
The rulings and instructions of the circuit court were inconsistent with the principles of this opinion.
The' judgment is therefore reversed, and the cause is remanded for a new trial upon principles not inconsistent herewith.