HISAW v. SIGLER, *et al., Appellants.*

**Witness:** PARTY TO A CONTRACT INCOMPETENT WHEN OTHER PARTY DEAD. In a suit against the makers of a promissory note prosecuted by the administrator of the deceased payee, a defendant is not a competent witness on behalf of one of his co-defendants to prove failure of consideration.

*Appeal from Lawrence Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

Action by Frederick Hisaw against P. B. Sigler and A. Cann, as makers of a promissory note. Pending the suit Frederick Hisaw died, and the cause was revived and continued in the name of William Hisaw, his administrator.

*N. Gibbs* for appellants.

*John T. Teel* for respondent.

NAPTON, J.—This suit was originally brought before a justice of the peace, by Frederick Hisaw, on a note for $75, signed by the defendants and one Hatfield. The judgment before the justice of the peace was for the plaintiff. Frederick Hisaw was the payee in the note. The case was taken to the circuit court by the defendants, and the defense there was that the note was delivered as an escrow, that it was given at the instance of one Hatfield, and by him transferred to plaintiff, and that the consideration upon which said note was given totally failed; that

29—68

the note was transferred by Hatfield to pay a previous debt of his to Hisaw, and that Hisaw refused to take it unless said Hatfield would sign it, and that Hatfield did sign it without the knowledge of defendants. On the trial P. B. Sigler was offered as a witness for the defendants, to establish the want or failure of consideration for the note, so far as Hatfield was concerned. The plaintiff objected, for the reason that Frederick Hisaw, to whom the note was given, was dead, and this objection was sustained by the court, and the defendants excepted., This presents the only point we are authorized to consider, as no exception was taken to the action of the court in refusing instructions, and their propriety is not, therefore, before us. In regard to the exclusion of Sigler, the case is identical in principle with the case of *Angell v. Hester*, 64 Mo. 142, where the construction of our statute, in connection with the decisions of this and other courts on similar statutes, is fully examined. It is unnecessary to repeat what is there said; it is sufficient to say that on the authority of that case the judgment must be affirmed. All the judges concur.

AFFIRMED.