# Kelly *v.* The State.

*Indictment for Larceny.*

1. *Witness; how may be impeached.*—The character of a witness may be impeached, by the testimony of a person who three years before and previously lived in the same neighborhood with him, and knew his past and present general reputation and character there, though such person knows nothing of them in another neighborhood, to which the witness removed, and where he then resided.

APPEAL from Madison Circuit Court.

Tried before Hon. LOUIS WYETH.

On the trial of the appellant, Kelly, who was indicted for grand larceny, the State introduced one Elias Hartfield, who testified to the commission of the offense by Kelly, on the

night of July 5th, 1878. This witness, two years before that date, had resided in the Meridianville precinct. The defendant then introduced one Blankenship, who testified that he "lived in the Meridianville precinct, where Hartfield lived three years ago, and knew his general character and reputation in said neighborhood, but did not know his general reputation in the neighborhood in which he lived, at the time of the trial, (June 7th, 1879,) or at the time the offense was committed. The court, on objection of the solicitor, refused to allow the witness to answer whether Hartfield's character was good or bad, and the defendant excepted. The defendant then offered to prove by said Blankenship that he knew the general character of the witness, Hartfield, in the neighborhood of his former residence in Meridianville precinct, and that such character was and is now bad; that Blankenship from such character would not believe said witness on oath."

The court, "holding that the present character of witness, sought to be impeached, was all that could be inquired into," refused to allow the proof, and defendant excepted.

It would seem from the bill of exceptions, that Meridianville precinct was in the same county in which the witness, Hartfield, lived at the time of trial, but the distance between Meridianville precinct and the neighborhood to which Hartfield removed, is not stated.

The rulings to which exception was reserved are now assigned as error.

NICHOLAS DAVIS, and WALKER & SHELBY, for appellant. The principles declared in *Martin v. Martin*, 21 Ala. 201, are decisive in favor of appellant. *Sleeper v. Van Middlesworth*, 4 Denio, 431, is also a strong authority for the admission of the evidence which the court rejected.

DANIEL COLEMAN, and HERMAN HUMPHREY, *contra.*—A witness must be able to state what is generally said of a person *by those among whom he dwells* or with whom he is chiefly conversant, for it is this *only* that constitutes general reputation or character.—*Conkey & Herrington v. The People*, 5 Park. C. R. 31. The general character of a witness, at his place of business, can not be shown by evidence of what rumor said of him before he came to that place.—*Campbell v. State*, 23 Ala. 44. In the case of *State v. Howard*, 9 N. H. 485, the court says, after stating what are the proper inquiries in matters relating to general character, "these inqui-

[Kelly v. The State.]

ries, as stated, relate to the character of the witness *at the time of examination.*" In the case of *Hadley v. State,* 55 Ala. 31, the court held " that a knowledge of the general character of the prisoner in the neighborhood in which he lived, is *a necessary predicate* to the introduction of evidence of character."

On trial of an issue respecting the veracity of a witness, much must be left to the sound discretion of the primary court, and the appellate court will not reverse on account of its rulings unless it clearly appears that the appellant was deprived of some important legal right in the case.—*Sonneborn v. Bernstein,* 49 Ala. 168.

*Martin v. Martin,* 25 Ala. 201, relied on by the appellant, does not sustain his assignments in this case. The witness, Butler, in that case *did* testify to knowing " Smedley's general character among his neighbors and those who knew him, before stating what that general character was."

MANNING, J.—The question in this case is, whether the character of a witness may be impeached by the testimony of a person who three years before and previously, lived in the same neighborhood with him, and knew what his reputation and general character there were and are,—but does not know what they are in the neighborhood in which he now resides.

This precise question was raised and decided in the affirmative in *Sleeper v. Van Middlesworth,* 4 Denio, 431, with the difference that in that case, the witness impeached had removed four years before from the neighborhood from which the testimony that was offered against him came. The court said : " It is not, looking to common experience in human conduct, generally found to be true that a thorough change from a bad to a good character, is wrought within four years. It may, and it is to be hoped, often does occur ; but such is not the common course in life. On the contrary there is a strong probability that one whose general character was bad four years since, is still of doubtful or disparaged fame. So much at least may be asserted without evincing the feeling of a misanthropist or any unseemly lack of charity. It appears to me, therefore, that the court erred in rejecting the evidence." None of the court dissented.

The same views, in effect, were taken of the subject by this court in *Martin's Ex'r v. Martin,* 25 Ala. 201. Light is thrown upon " the present character of the witness," by reflections from it as it was disclosed in the recent past.

[Peacher v. State.]

The judgment of the Circuit Court must be reversed and the cause remanded.

Let the prisoner remain in custody until discharged by due course of law.