WOOD, *Administrator*, v. MATTHEWS, *Appellant*.

1. **Parol Evidence**: PROMISSORY NOTE: PLEDGE. Parol evidence is admissible for the purpose of showing that a note transferred by indorsement and delivery was intended to be held by the transferee not absolutely, but only as collateral security.

2. **Promissory Note**: POWERS OF A PLEDGEE. The pledgee of a promissory note has no right to surrender it to the maker without payment, or to dispose of it otherwise than by a fair sale. If he cannot collect it, he must return it to the pledgeor. If he surrenders it, he will be chargeable with its full amount; so too, if he makes use of it in any transaction of his own.

3. **Impeaching Evidence**: WITNESS. Evidence offered to impeach the character of a witness must relate to the time when his testimony is given, not to a prior time.

4. **Witness.** When one of the parties to a contract in suit is dead, the other is not a competent witness for any purpose whatsoever. Following *Ring v. Jamison*, 66 Mo. 424, and other cases.

5. **Administration on Estate of Non-resident.** Administration may be taken out in this State upon the estate of a non-resident, whether there be any administration in the state of his residence or not. Following *Spraddling v. Pipkin*, 15 Mo. 118.

*Appeal from Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

Bridgewater testified, on the part of the plaintiff, that defendant told him he held the note as security. Defendant offered to testify on his own behalf that what he told Bridgewater was, that at first he held the note as collateral security for the payment of the $200 note Mrs. Simpson owed him and some other little debts, but that when she was stopped by the constable he bought the note of her. This offer was rejected, and the evidence was excluded.

*G. N. Elliott* with *Land & Sparks* for appellant.

1. Plaintiff's letters of administration were prematurely issued. There was no administration in Kansas.

*Spraddling v. Pipkin*, 15 Mo. 118; 2 Kent Com., 434, 435; Story Confl. Laws, §§ 513, 514.

2. The court should not have admitted plaintiff's evidence given to prove that the note was transferred as collateral security. He had no right by parol testimony to impose a condition on the written indorsement. Edwards on Bills, 312; 1 Parsons Contracts, 210; 2 Parsons Notes and Bills, 23; 1 Greenleaf Ev., § 276. note 2.; *Dale v. Gear*, 38 Conn. 15; *Lee v. Pile*, 37 Ind. 107; *Wilson v. Black*, 6 Blackf. 509; *Fassin v. Hubbard*, 55 N. Y. 465; *Charles v. Denis*, 42 Wis. 56; *Bank v. Smith*, 27 Barb. 489; *Doolittle v. Ferry*, 20 Kas. 230.

3. The evidence offered by defendant to prove the value of the land covered by the deed of trust, should have been received for the purpose of showing what the note was worth. Bridgewater was insolvent, and this land was the only property out of which the note could be paid.

4. As the consideration mentioned in the deed is only *prima facie* evidence of the consideration, it was competent to prove that the $460 cash paid for homestead was its fair and full value, and that estimating the consideration of the transfer to defendant, the balance due on Bridgewater's note was not considered as of any value, he being then insolvent.

5. Defendant's testimony as to the conversation with Bridgewater should have been admitted. It was no objection that Mrs. Simpson was dead, because the testimony related to matters of which she knew nothing, to which she was not a party, and which occurred after her death. *Stanton v. Ryan*, 41 Mo. 510; *Looker v. Davis*, 47 Mo. 140; *Poe v. Domic*, 54 Mo. 119; *Martin v. Jones*, 59 Mo. 181; *King v. Jamison*, 2 Mo. App 584; *McKean v. Massey*, 9 Kas. 602; *Clary v. Smith*, 20 Kas. 83.

*W. W. Wood* and *W. H. Brinker* for respondent.

1. The question as to whether the indorsement was

in full or in blank, was submitted to the jury, and there was no evidence to show that it was in full until several months after the note came into the hands of appellant, and then the indorsement is shown to have been in his own handwriting, and the jury undoubtedly came to the conclusion that it was made in blank and filled up by appellant himself after it had been delivered to him. The jury must have found also that the note was transferred as collateral security, and if so, appellant had no right to fill up the indorsement contrary to the agreement under which it was made. Story Prom. Notes (3 Ed.) § 138; *Kuntz v. Temple*, 48 Mo. 77.

2. The evidence offered as to the value of the homestead conveyed by Bridgewater to the appellant was also properly rejected. The jury found that the note was transferred as collateral security, and unless appellant had shown that he had authority to make a compromise of the note he was unquestionably bound to respondent for its face value with interest, upon proof that he had surrendered it to the maker.

3. The testimony of the defendant in regard to the conversation with Bridgewater was clearly inadmissible. *Ring v. Jamison*, 66 Mo. 424; *Hisaw v. Sigler*, 68 Mo. 449; *Angell v. Hester*, 64 Mo. 142.

4. The court properly ruled out the testimony offered to impeach the character of Simpson and wife for truth. The inquiry must be confined to their reputation among their neighbors at the time of testifying, and not to those who were their neighbors three years before. The time was too remote. 1 Greenleaf Ev., § 461; *Aurora v. Cobb*, 21 Ind. 493; *Rucker v. Beaty*, 3 Ind. 70; *Walker v. State*, 6 Blackf. 1; *People v. Abbott*, 19 Wend. 192; *State v. Howard*, 9 N. H. 485; *Chance v. Indianapolis, etc.*, 32 Ind. 472; *Webber v. Hanke*, 4 Mich. 198; *Hamilton v. People*, 29 Mich. 173, 188; Kelley's Crim. Prac., § 361.

HENRY, J.—Plaintiff administered on the estate of

Jane Simpson, deceased, in Johnson county, Missouri. The intestate resided and died in the state of Kansas. In April, 1875, the defendant held a note for collection in favor of Jane Simpson against one Bridgewater, for $1,200, secured by a deed of trust on a tract of land in Johnson county. She was indebted to defendant by note in the sum of $200, and in April, 1875, being about to leave this State for Kansas, the constable seized a team of horses as her property, under an execution in favor of one Ham, and she sent for defendant, and by an arrangement between them the team was released, and she assigned to defendant the said note for $1,200—as collateral security, plaintiff alleges, for her note of $200 and the amount of the execution; but absolutely, as alleged by defendant. This suit is to recover the balance of the amount of said $1,200 note, allowing defendant credit for the $200 note, the said execution debt, and other small amounts advanced for intestate by the defendant, plaintiff alleging that defendant had collected and never accounted for the full amount of the Bridgewater note. Plaintiff had a judgment for $597.40, from which defendant has appealed.

The evidence for plaintiff tended to prove that the Bridgewater note was assigned to defendant as collateral security, while that of defendant tended to show that it was an absolute sale of the note. The land conveyed by the deed of trust to secure the note was sold under that deed for $431; and, subsequently, the defendant purchased of Bridgewater another parcel of land, about five acres, which he held as a homestead, for the consideration of $1,200, as shown by the deed, of which he paid $460 cash, and, in satisfaction of the balance, delivered to Bridgewater the note for $1,200, upon which there was then due a balance of about $800. Bridgewater testified that $1,200 was the consideration for the homestead. Defendant, on the other hand, testified that the consideration was the amount of cash he paid, and that the note was given up because it was worthless. He offered to prove that the

value of the homestead was no more than the cash payment, but this evidence was excluded. He also offered to show that the full value of the land sold under the deed of trust was the amount it sold for, which was also excluded.

The questions to be determined relate to the action of the court in permitting plaintiff to prove that the $1,200 note was assigned to defendant as collateral security—in excluding evidence of the value of the land above mentioned—of testimony offered to impeach two of plaintiff's witnesses—of a receipt executed by the intestate to defendant—of her note for $200 to defendant offered by him, and to instructions given for plaintiff, and the refusal of instructions asked by defendant.

The court did not err in admitting plaintiff's evidence to show that the note was indorsed to defendant to be held by him as collateral security. It is admissible to prove that a bill of sale of any species of property, or a deed to real estate, although absolute on its face, was intended as a mortgage. *Johnson v. Huston,* 17 Mo. 59. The cases cited by appellant's counsel decide that evidence is not admissible to show any other liability of an indorser than that expressed in the written indorsement if in full, or implied by law if in blank. In those cases there was no question that the absolute right to the note did and was intended to pass by the indorsement. *Lewis v. Dunlap,* 72 Mo. 174.

1 PAROL EVIDENCE: promissory note: pledge.

Nor did the court err in excluding evidence of the value of the two parcels of land. The defendant was not charged on account of the land sold under the deed of trust for more than it sold for; and with respect to the five acre tract purchased by defendant of Bridgewater, it makes no difference what its real value was, or what consideration he paid for it. If the note belonged to the plaintiff's intestate, (and the jury has so found,) the defendant is chargeable with its full amount. If it was worthless, it was his duty to return it to her. He

2. PROMISSORY NOTE: power of pledgee.

had no authority to dispose of it otherwise than by a fair sale to reimburse himself for amounts advanced for the intestate, or owing from her to him by note or otherwise. An authority to collect does not include authority to give away a note. Whether defendant gave $1,200 or only $460 for the five acre tract, he used the intestate's note in that purchase, and gave it up to the maker to be canceled.

The evidence offered to impeach two of plaintiff's witnesses, was that their character was not good in 1875.

**3. IMPEACHING EVIDENCE: witness.** The trial was in 1878. There was no offer of any other impeaching testimony, and the court properly sustained an objection to that offered. *Rucker v. Beaty*, 3 Ind. 70; *Walker v. State*, 6 Blackf. 1.

The testimony of defendant, with respect to a conversation he had with Bridgewater, was inadmissible and

**4. WITNESS.** properly excluded. *Ring v. Jamison*, 66 Mo. 424; *Angell v. Hester*, 64 Mo. 152; *Hisaw v. Sigler*, 68 Mo. 449.

The receipt executed by the intestate to Matthews, dated April 24th, 1875, "for $79.80, in full of all demands to date," was irrelevant. It only showed that at that time defendant was not in her debt. He had not then collected a dollar of the $1,200 note, and without some explanation it is impossible to conceive what bearing it had upon the issues before the jury. Nor was there any error in excluding the $200 note given by the intestate, payable to the defendant, offered in evidence by the latter. That such a note had been given was already in evidence; and here it may be observed, in view of defendant's testimony: "That this note had been delivered to the intestate by the defendant when he purchased of her the Bridgewater note," as a part of the consideration for the Bridgewater note —that if true, the administrator plaintiff was the proper custodian of that note, and defendant's possession of it is a circumstance which tends strongly to contradict his own testimony, and to corroborate that of plaintiff, that he held the $1,200 note only as collateral security.

Wood v. Matthews.

Of the instructions, we have only to say that they are in harmony with the views herein expressed. The fourth given for defendant, declared that the verdict should be for him, if the jury found that he had purchased the note, without regard for the consideration paid for it, or the value of the land given to secure it; and his one, two and three were properly refused, because the fourth contained all that was asked in the first, and the second and third were erroneous in declaring that parol evidence was inadmissible to show any other contract than that expressed in the indorsement of the note.

The defendant's counsel contends that the administration on the estate of Jane Simpson in this State, before 4. ADMINISTRATION there was any administration in the state of ON ESTATE OF NON- RESIDENT. Kansas, where she resided at the time of her death, was premature, and conferred no right upon the administrator in this State to sue, and cites *Spraddling v. Pipkin*, 15 Mo. 118, in which Judge Gamble, delivering the opinion of the court, says: "Judge Jackson, in delivering the opinion of the court in *Stevens v. Gaylord*, 11 Mass. 263, properly declares the law in this language: 'It is true that such auxilliary administration is not usually granted until an administrator is appointed in the place of the deceased's domicile. But this cannot be a necessary prerequisite, for if so, and it should happen that administration is never granted in the foreign state, the debts due here, under such circumstances, to a deceased person, could never be collected; and the debts due from him to citizens of the state might remain unpaid.'" We have discovered no error in this record that would justify a reversal of the judgment, which is, therefore, affirmed. All concur.