C. McGuire v. J. P. Kenefick, Appellant.

**Evidence:** REPUTATION: ' *Impeachment.*   Inquiry as to the reputation of a witness should be restricted to the neighborhood of his present residence and to proof of reputation near to the time of trial. If the residence is so recently acquired that his present neighbors are not likely to have ascertained his character and he is not likely to have thrown off the one established in his former abode, his reputation in the former abode may be received and so, if he has subsequently remained in no place long enough to become well known to his neighbors.

SAME.   Evidence as to the reputation of a witness in a town he had left seven years before was inadmissible in the absence of evidence that he had not maintained a residence elsewhere in the meantime.

| | |
|---|---|
| 111 | 147 |
| 117 | 507 |
| 111 | 147 |
| 125 | 70 |
| 111 | 147 |
| 130 | 238 |
| 111 | 147 |
| 135 | 486 |
| 111 | 147 |
| 143 | 658 |
| 144 | 393 |

Usury: *Independent loans.* Where usury was the issue, evidence of another and usurious loan made between the same parties, but having no connection with the note in question, was inadmissible.

Appeal: ARGUMENT OF EXCEPTIONS. Exceptions to rulings, which are not argued, cannot be considered on appeal.

*Appeal from Hardin District Court.*—Hon. D. R. HINDMAN, Judge.

SATURDAY, APRIL 14, 1900.

ACTION on promissory note. Defense, usury. The defendant appeals from judgment on a verdict against him. —*Affirmed.*

*J. H. Scales* for appellant.

*Albrook & Lundy* for appellee.

LADD, J.—The court rightly excluded evidence sought to be elicited from the defendant on direct examination concerning a usurious loan previously made to him by the plaintiff. It was an entirely independent transaction, having no possible connection with the execution of the note in suit.

II. No unvarying rule as to how far back inquiry concerning the general reputation of a witness for truth and veracity may properly extend can be stated, as this must, of necessity, depend on the peculiar facts of each case. Because of the presumption that status, once established, continues until a change is shown, some courts hold that proof of such reputation at a time somewhat remote from the trial, and at a place of residence other than then had, may be received; these circumstances affecting only the weight to be given the evidence. *Mynatt v. Hudson,* 66 Tex. 66 (17 S. W. Rep. 396); *Kelly v. State,* 61 Ala. 19; *Snow v. Grace,* 29 Ark. 131; *People v. Abbot,* 19 Wend. 192. A person of

mature age, possessed of character notoriously bad, will be unlikely to so reform as to acquire a different character within a brief time. Nevertheless, men change, though not often suddenly; and evidence of recent reputation, near the time of trial, is ordinarily entitled to greater weight than should be accorded that of a more remote period. This is recognized by all the authorities, and, when obtainable, it would seem such evidence ought to be produced, because of its superior quality, especially where, as in this state, the practice of limiting the number of witnesses testifying to character prevails. Besides, to extend the inquiry far in the past, and to a residence other than that recently had, may impose an unwarrantable burden on the witness whose character is assailed, and frequently work irreparable wrong. As said by Brewer, J., in *Fisher v. Conway,* 21 Kan. 25; "Impeaching testimony is for the purpose of discrediting the witness by showing that the community in which he lives do not believe what he says; that he is such a notorious liar that he is generally disbelieved. It is his present credibility that is to be attacked. Is he now to be believed? What do his neighbors think and say of him at the present time; not what did they think and say months or years ago? True, general reputation is not established in a day; and so the inquiry is not to be restricted to any particular week or month or year. The reputation a man has in any community is based upon all the years, few or many, of his living in such community." To the same effect, see *Sun Fire Office v. Ayerst,* 37 Neb. 184 (55 N. W. Rep. 636); *City of Aurora v. Cobb,* 21 Ind. 492; *Packet Co. v. McCool,* 83 Ind. 392; *Webber v. Hanke,* 4 Mich. 198; *Keator v. People,* 32 Mich. 484; *Young v. Com.,* 6 Bush, 312; *Wood v. Matthews,* 73 Mo. 477; *Smith v. Hine,* 179 Pa. Sup. 203 (36 Atl. Rep. 222). In *State v. Potts,* 78 Iowa, 659, the defendant had established a reputation in Des Moines by five years' residence, and the admission of evidence of his previous reputation at Newton and Brooklyn of the same state

was adjudged error. But in *Schoep v. Insurance Co.,* 104 Iowa, 356, the witness had removed from Sioux Center a year previous to the trial, and, it not appearing that he had acquired a new residence at any other place, proof of reputation there was held to have been properly received. In that case we said, "The rule in regard to the admission of such evidence, so far as it relates to the time when the reputation existed, is somewhat flexible." Whether a new resi‑ dence has been acquired, and for such a length of time and under such circumstances as that proof of character in that neighborhood, rather than at the former home, must be ad‑ duced, is for the determination of the trial court; and its decision, ought to be final. *Teese v. Huntington,* 23 How. 2 (16 L. Ed. 479) ; *Holliday v. Cohen,* 34 Ark. 707 ; *Brown v. Perez,* 89 Tex. Sup. 282 (34 S. W. Rep. 725) ; *Buse v. Page,* 32 Minn. 111 (19 N. W. Rep. 738). Chief Justice Bleckley, in *Watkins v. State,* 82 Ga. 231 (8 S. E. Rep. 875, 14 Am. St. Rep. 155), declared that "on such a question the past and present are so related that no complete severance between them can be made. * * * As the law prescribes no definite limit in time, we think the discretion of the court must, of necessity, be exercised in every instance where the proposed evidence is not so remote as to preclude all differ‑ ence of opinion." There the witness had moved to Florida four years before the trial, and, as the statute made no pro‑ vision for taking depositions in criminal cases outside of the state, rejecting evidence of reputation while residing in Georgia was adjudged error. But it sometimes happens that a witness who has established a reputation at a particular locality leaves it, and thereafter wanders from place to place up to the time of the trial, without remaining anywhere long enough to become thoroughly known to his neighbors. In such a case, evidence of his reputation at that locality may be received, though antedating the time of the trial many years. *Holmes v. Statler,* 17 Ill. 453 ; *Snow v. Grace,* 29

Ark. 131; *Blackburn v. Mann*, 85 Ill. 222. See, generally, cases collected in 10 Enc. Pl. & Prac. 307. We reach the conclusion that the rule best adapted to such an investigation restricts inquiry to the neighborhood of the present residence of a witness sought to be impeached, and to proof of reputation at a time near that of the trial. When a residence has been so recently acquired that the neighbors of the witness are not likely to have ascertained his true character, and he, in all probability, has not thrown off that established in the neighborhood of his former abode, evidence of his reputation at the latter place may be received, as it may also when he has subsequently remained in no place long enough to become well known to his neighbors.

III. Though McGuire was not asked his place of residence, it appeared that he had moved from Ackley more than seven years before the trial. To the question, "When did you first go to Kansas City?" he answered: "I cannot say exactly. I think it was seven years ago. I came back, and claimed my residence in Franklin county, occasionally, after I went there. I never bought any property there in Kansas City." One of the impeaching witnesses thought his residence at Britt, and another had heard him say two years before that he lived in Kansas City. There was also evidence tending to show him to have been in Ackley frequently, transacting business, several weeks of each year. As he ceased to be a resident of the neighborhood of Ackley more than seven years before the trial, evidence of his general reputation there was inadmissible, unless it appeared that he had not maintained a residence elsewhere in the meantime. This was not shown, and, without some proof bringing him within the exceptions heretofore noted, we think the impeaching evidence rightly rejected. Whether one may acquire a reputation, provable in court, at his place of business, when other than the locality

of his residence, is not presented in this record, as McGuire was at Ackley but a short time each year, during which he is not shown to have established a general reputation. Exceptions to rulings on objections to other questions propounded are not argued, and for this reason have received no attention.—AFFIRMED.