### · 3453.   GORDON *v.* THE STATE.

1. There was no error in charging the jury that, when a witness has been impeached by contradictory statements previously made, he may be sustained by proof of general good character.
2. The evidence authorized the verdict, and no error of law appears.
          DECIDED NOVEMBER 7, 1911.

Accusation of sale of liquor; from city court of Dublin—Judge Hawkins.   April 19, 1911.

*Adams & Flynt*, for plaintiff in error.
*George B. Davis, solicitor*, contra.

RUSSELL, J.   1.   A witness for the State testified that the defendant had sold him a quart of liquor.   The defendant sought to impeach this witness by proving certain contradictory statements previously made.   The State sought to sustain him by proof of general good character, and introduced witnesses who swore that they had known the witness from his boyhood, and, so far as they knew, his reputation was good, and they would believe him on oath.   One of the witnesses had lost track of him for two or three years previous to the trial.   The judge charged the jury as follows:   "I charge you that, when a witness has been impeached by contradictory statements previously made, he may be restored by proof of general good character."   The criticism of the charge is that there is no testimony in the case to authorize it; the insistence being that the State wholly failed in its attempt to prove general good character.   "Although witnesses may state they do

not know that they are acquainted with the general character of the prosecutor, yet, if they state they have been acquainted with him for a long time, or for a given number of years, and that they have never heard any one speak ill of him, these facts show substantially that they did know his general character sufficiently to qualify them to swear that they would believe him on oath in a court of justice." *Hodgkins* v. *State,* 89 *Ga.* 761 (15 S. E. 695). See, also, *Watkins* v. *State,* 82 *Ga.* 231 (8 S. E. 875, 14 Am. St. R. 155).

2. Although the only witness for the State to the main fact was impeached by contradictory statements previously made, the jury nevertheless had a right to believe his testimony, which made a clear case of guilt.           *Judgment affirmed.*