# Birmingham Ry. L. & P. Co. *v.* Hass.

## *Injury to Passenger.*

(Decided November 1, 1914.   Rehearing denied December 17, 1914. 57 South. 504.)

1. *Carriers; Passengers; Carrying Beyond Destination.*—Where there was evidence tending to show that plaintiff, a passenger of a street car company, had given signals for a stop at two different street crossings, which signals were not heeded, she could recover for the negligent failure to stop at her destination, as a passenger on a street car does not take passage for any designated place, but may ride to the end of the route if desired; hence, charges which exclude recovery for failure to stop at the second crossing were properly refused.

2. *Same; Instruction.*—Where the action was by a passenger against a street car company for being carried beyond her destination, charges asserting that in arriving at the cause of plaintiff's alleged sickness, the jury should consider the walk she took in the rain before boarding the car and the walk she would have had to take if she had been let off at the proper street, singled out part of the evidence, and were objectionable.

3. *Same; Evidence.*—Where plaintiff testified that she gave the signal to stop one block before the street was reached at which she desired to alight "because they had been in the habit of carrying me beyond there several times," the court should have struck that portion of the testimony as to the habit of carrying her by, as such previous breaches of duty by unidentified employees of the company could have no tendency to show a habit on the part of the particular

employees, and thus tend to show the probabilities of the breach complained of.

4. *Charge of Court; Argumentative.*—A charge that if the plaintiff had a cold and was sick on the morning after she had been obliged to walk back through the rain, and thereafter, then plaintiff could not recover damages therefor unless the jury were reasonably satisfied from the evidence that the walk caused by being carried past her destination, was the proximate cause of the sickness, and it could not be the proximate cause unless the sickness would not have arisen if she had not been carried by, was properly refused as argumentative.

5. *Same; Covered by Those Given.*—The court may refuse without error charges which are substantially covered by written instructions given.

APPEAL from Birmingham City Court.

Heard before Hon. HUGO L. BLACK, Special Judge.

Action by Mrs. Annie May Hass against the Birmingham Railway, Light Power Company for damages caused by the company carrying her beyond her distination. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals. Reversed and remanded.

The gravamen of the complaint is that plaintiff became and was defendant's passenger on said car to be carried by it to a point on said line, to wit, Park Avenue, in the city of Birmingham, which said Park avenue was at said time and on said occasion a regular stopping place on defendant's said line for the discharge of its said passengers; that plaintiff was carried a long distance past her desination, and as a proximate consequence thereof plaintiff was compelled to walk back to her destination, and, rain falling, plaintiff was made sick, etc. Plaintiff avers that defendant was guilty of negligence in and about carrying plaintiff beyond her destination, etc. Plaintiff's evidence tended to show that Park avenue bisected the blocks between Sixth and Seventh avenues; that she lived on Seventh avenue, and her destination was her home; that, before reaching

Park avenue, she signaled the conductor with the bell, and the conductor rang the bell for the motorman to stop the car; that he did not stop at Park avenue, and she rang the bell again before the car reached Seventh avenue; that it ran on without stopping until it reached Eighth avenue, where plaintiff left it in the rain without an umbrella; and that she shortly thereafter contracted a cold and bronchitis, and was sick for several weeks. The evidence tended to show, also, that, had she alighted at Park avenue, she must have walked half a block in the rain to get to her home. That plaintiff stated, not in response to any question, that she signaled Park avenue, first "because they had been in the habit of carrying me by there several times." The defendant's motion to exclude this statement because immaterial, irrelevant, and incompetent was overruled. The following charges were refused to defendant:

(1) If the jury believe from the evidence that plaintiff did not signal the conductor to stop at Park avenue until the car was passing Park avenue, you must return a verdict for defendant. (2) If you believe from the evidence that plaintiff did not signal the conductor in time for the car to stop at Park avenue, your verdict should be for defendant. (3) In arriving at the cause of plaintiff's alleged cold and sickness, the jury is authorized to consider the walk plaintiff took in the drizzling rain from Avenue E and twenty-Second street, to Avenue F and Twentieth street, if she took such a walk, and the walk she would have had to take from Park avenue to her home in the rain, if she would have taken such a walk. (4) Even though plaintiff had a cold and was sick on the morning after she alleges she was carried by Park avenue, and made to walk back to her home on Seventh avenue from Eighth avenue, and even though plaintiff had a cold thereafter, yet the

jury could not award her any damages for her alleged sickness unless they are reasonably satisfied from the evidence that the walk she took from Eighth avenue, back to Seventh avenue, was the direct and proximate cause of said illness, and the said illness and cold could not have been proximately caused by being carried by Park avenue, unless the said cold and sickness would not have arisen if plaintiff had not been carried by. (5) Unless you believe from the evidence that plaintiff's alleged sickness was proximately caused by her being carried by her station, you cannot award her damages for her said sickness, and, for her alleged sickness to have been proximately caused by her being carried by, it must have been directly caused thereby. (6) Under the evidence and pleadings in this case, you cannot award plaintiff any damages for the car's not stopping at Seventh avenue on the occasion she complains of. (8) You cannot return a verdict for plaintiff under count 1 of the complaint. (9) In arriving at the direct, proximate cause of plaintiff's alleged cold and sickness, you are authorized to consider the fact, if it be a fact, that she walked from Avenue E and Twenty-Second street to Avenue F and Twentieth street, in the rain, and the fact, if it be a fact, that plaintiff had to get on the car in a rain without an umbrella. (10) The court charges the jury that, in arriving at the cause and extent of plaintiff's cold and sickness, the jury may take into consideration the facts, if it be a fact, that, if plaintiff had alighted from the car at Park avenue, she would have had to walk to Seventh avenue and to her home in the rain.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant.

HARSH, BEDDOW & FITTS, for appellee.

SOMERVILLE, J.—(1) It is a matter of common knowledge that passengers on streets cars do not take passage for any designated place, and that upon the payment of the customary fare they are entitled to ride to any point between termini of the route traveled by the particular car. In other words, their destination is any stopping place at which they decide to leave the car. It was therefore immaterial whether the plaintiff originally intended to leave the car at Park avenue or at Seventh avenue. If they were regular stopping places, or if the cars customarily stopped there on signals from passengers, the plaintiff was entitled to change her mind and alight at either place; and the defendant's negligent failure to allow her the opportunity to alight at either place, upon seasonable notice from her, was equally a violation of its duty. This being so, charges 1, 2, and 6 were properly refused to the defendant.

(2) Refused charges 3, 9, and 10 are objectionable in that they single out parts of the evidence.

(3, 4) Refused charge 4 is argumentative, and, moreover, was fully covered by given charge 7.

Refused charge 5, even if not misleading, was also fully covered by given charges 4 and 7.

There was no error in the refusal of these charges.

(5) We think, however, that the trial court erred in refusing to exclude the statement of the plaintiff that she signaled Park avenue first "because they have been in the habit of carrying me by there several times." This clearly means no more than that on a few previous occasions (which are wholly undefined as to time and circumstances) some of the defendant's servants (not necessarily the ones on this car on this occasion) carried her by Park avenue. Such previous breaches

of duty, in no way related to the instant breach, are not admissible to show the probability of the instant breach, as charged by the plaintiff.—*Baulec v. N. Y. Ry. Co.,* 59 N. Y. 356, 17 Am. Rep. 325; *Warner v. N. Y. Ry. Co.,* 44 N. Y. 465; *Mich. Cent. Ry. Co. v. Gilbert,* 46 Mich. 176, 9 N. W. 243; *Maguire v. Middlesex Ry. Co.,* 115 Mass. 239; Jones on Evidence, § 165; 29 Cyc. 610. See, also, in illustration of the principle, *C. of G. Ry. Co. v. Brokerage Co.,* 122 Ga. 646, 50 S. E. 473, 69 L. R. A. 119; *McGuire v. Kenefick,* 111 Iowa, 147, 82 N. W. 485.

We do not mean now to hold that a uniform course of conduct by any person, amounting to a settled habit, is never relevant to show what such person probably did on a particular occasion. See 1 Wigmore on Evidence, §§ 92, 96, 97; 29 Cyc. 610. Such evidence is often admitted, though sometimes rejected—dependent, of course, upon the circumstances of the case, the party offering it, and the ultimate fact to be shown thereby. See 1 May. Dig. 490, § 1081 et seq.

As pointed out, we have not here a case of habit, and the error was doubtless prejudicial to the defendant in the estimation of the jury.

For the error noted, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and M⸗ CLELLAN and MAYFIELD, JJ., concur.