31935.   HENRY *et al.* v. HOCH *et al.*

DECIDED MARCH 19, 1948.   REHEARING DENIED APRIL 1, 1948.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, E. D. Smith Jr., Hoke Smith,* for plaintiffs in error.

*Augustine Sams,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Counsel for the plaintiffs in error make the following statement in their brief; "The sole question presented in this appeal is whether Barnett was acting within the scope of his authority at the time of the accident in which Mrs. Hoch was injured, so as to render the defendant, Henry Motor Company, liable to Mrs. Hoch under the doctrine of respondeat superior." In view of this statement and since no argument is advanced in their brief in support of the general grounds of the motion for new trial, the same are treated as abandoned.

The question hereinbefore quoted from the brief of counsel for the plaintiffs in error is presented by special grounds 5 and 6 of the amended motion for new trial, the same constituting the only grounds thereof. Since special ground 5 complains that the evidence is insufficient to establish agency, and special ground 6 complains that the judge therefore erred in his charge wherein he submitted the question of agency, the two grounds are so closely related that they will be discussed together in this decision. The contention of the plaintiffs in error is that Barnett was a servant of the plaintiffs in error; that he was instructed to deliver an automobile, which had been repaired in their shop located on Main Street in the City of East Point, to the owner of the automobile at the John Deere Plow Company, located on Nelson Street, in the City of Atlanta; that in performing this duty Barnett should have driven the automobile out of the shop, on to Main Street and turned north, the same being the most direct route to his destination, but instead he turned south to Conley Drive and then west on Conley Drive to the point where the plaintiff was struck and injured. It is contended that the undisputed evidence shows and demands the finding that, at the time the plaintiff was injured, the said Barnett was engaged in the act of going to a small store, located on Campbellton Road, to procure a can of Pet milk for his sister's baby; and that therefore, at the time he injured the plaintiff on Conley Drive, he was not on the business of the master, or acting within the scope of his employment.

James Barnett, a party defendant and a witness in his own behalf and in behalf of the other defendants, testified on the trial of the case, in substance: that he was an employee of the de-

fendants, W. C. and F. J. Henry; that Mr. McNeil's car had been repaired in the shop of the Henry's; that Paul Johnson, shop foreman and service manager of Henry Motor Company, gave him instructions to deliver Mr. McNeil's car at the John Deere Plow Company on Nelson Street, in Atlanta; that, instead of driving out of the shop and turning north on Main Street, he turned south to Conley Drive; that, at the time he drove the car into and injured the plaintiff, he was on his way west along Conley Drive to another street that leads north to Campbellton Road; that there is a small store located at the corner of this street and Campbellton Road, where he was going to purchase a can of milk for his sister's baby; that he had not been working on Mr. McNeil's car; that he had not repaired it himself; that he had not just finished work on it; that he was not out on Conley Drive testing it to see if it was in good mechanical condition; that he was not testing the brakes or otherwise trying it out. A number of witnesses were introduced for the plaintiff, who testified that this witness stated before Judge Harclerode on July 23, 1945, at the recorder's courtroom at East Point, that he had been working on this car; that he had just finished working on it; that he was driving it down Conley Drive to see if it was in good mechanical condition; that he was testing the brakes; that he was driving it there to test it to see if it was all right mechanically. While the testimony as to the prior contradictory statements is not itself probative evidence which will tend to prove the facts therein contained, it is nevertheless admissible to impeach the testimony of the witness Barnett. See *Progressive Life Ins. Co. v. Archer*, 73 *Ga. App.* 639 (37 S. E. 2d, 713). The contradictory statements introduced in evidence as to his testimony are as to matters relevant to his testimony and to the case. Whether or not they have the effect of impeaching the witness, is for the determination of the jury. See *Huff* v. *State*, 104 *Ga.* 521 (2) (supra); *Williams* v. *State*, 69 *Ga.* 14 (28); *Gordon* v. *State*, 10 *Ga. App.* 35 (2) (72 S. E. 544). If the jury considered the impeachment successful, his credibility was for its determination, and if it saw fit to do so, his entire testimony might be disregarded. See *Blumberg* v. *Grant*, 34 *Ga. App.* 252 (2) (129 S. E. 144). The presumption being in favor of the verdict of the jury (see *Scribner's Sons* v. *Mutual Bldg. Co.*, 1 *Ga. App.* 527 (1), 58

S. E. 240), it is our duty to construe the evidence in the light most favorable to uphold the verdict. In this connection let us assume that the jury disbelieved all the testimony of the witness Barnett, which they had the right to do under the record in this case. Without his testimony, there is no evidence that he was going to the little store on Campbellton Road and another street to get a can of milk for his sister's baby. The evidence of Mr. Johnson discloses that he was sent to deliver Mr. McNeil's car. Other evidence in the record independent of his shows that he was driving the car at the time the plaintiff was injured on Conley Drive. Other evidence shows the speed at which he was driving at the time, the manner in which the plaintiff was struck, the manner in which she was injured, and other facts essential to support the jury's verdict, provided the place where the collision occurred on Conley Drive is not such a deviation from the place to which he was instructed to take the car as would require the inference that he was not on the master's business, that is, delivering the car in accordance with his instructions, at the time and place of the collision. We deal with this question in the next division of this opinion.

■ Although the evidence of the defendants, which includes a plat purporting to show accurate measurements tending to establish the distance from the Henry Motor Company in East Point to the John Deere Plow Company in Atlanta, to be 1.95 miles further by way of the route selected by Barnett than it is by turning north on Main Street, and although the evidence of the plaintiff tends to show this route to be 1.7 miles further, yet there is evidence in the record from which the jury was authorized to find that, notwithstanding the greater distance, the route selected by Barnett is the more feasible because of certain congested traffic areas on the other route. The jury was authorized to find that the route selected by Barnett could be negotiated in the same period of time and with less traffic hazards. In *Causey* v. *Swift & Co.,* 57 *Ga. App.* 609 (196 S. E. 228), there appears a quotation from the American Law Institute's Restatement of the Law of Agency, § 234, as follows: "One may be a servant, although a bad servant, in performing his master's business at a forbidden place, if the place is within the general territory in which the servant is employed. One engaged to drive an auto-

mobile in New York City would not be in the service while driving in Albany; but a servant directed to drive from New York to Albany on the west side of the Hudson would not cease to be acting within the scope of the employment while driving on the east side." From direct testimony the jury was authorized to find that the route selected by Barnett and the route the plaintiffs in error insist he should have taken are in the same general area.

In view of the authorities cited and many others on the same subject, it seems to us that the principle of law is unassailable that, where a servant has been instructed by the master to go to a designated place in furtherance of the master's business, said instructions not specifying which of two or more feasible routes for him to take, the servant may in his discretion, without deviation from the master's business, himself make the selection of routes.

The evidence authorized the jury to find that the defendant, James Barnett, was acting within the scope of his employment by the defendants, W. C. and F. J. Henry, at the time the plaintiff was injured. This question was properly submitted to the jury by the trial court.

The judgment overruling the motion for new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*