77 So.2d 475

Walter **POOLE**

v.

**EVERGREEN LIVESTOCK COMPANY.**

3 Div. 711.

Supreme Court of Alabama.

Jan. 20, 1955.

132

Jones & Nix, Evergreen, for appellant.

Edwin C. Page, Jr., Evergreen, for appellee.

PER CURIAM.

This is an action by appellant as a truck owner against appellee, another truck owner, for damages to his truck caused by a collision between them. The defendant sought by recoupment to recover damages to his truck by the collision. The verdict of the jury was in substance that neither was entitled to recover against the other. Plaintiff appeals and assigns errors. Defendant did not appeal nor assign errors.

Assignments of error 6, 7 and 8.

The first insistence made by appellant is that the court erred in not granting his motion for a new trial on the ground that the verdict is contrary to the great weight of the evidence, and in not finding for plaintiff and not awarding him damages as claimed in the complaint.

The two trucks were traveling south on Highway 31, south of McKenzie, about 1 o'clock on a clear day. The road was straight for a considerable distance and extending south it was practically level for approximately a mile to a bridge across Boggy Creek, beyond which bridge there was an incline. The collision occurred a short distance south of that bridge. The road is a two lane paved highway with center line markings. Ahead of the trucks there was a tractor also traveling south. First behind the tractor was defendant's truck, consisting of a cab and trailer with tandem hind wheels. It was used to haul cattle and had open side slats, but was empty on this occasion. Plaintiff's truck was next behind. It was the same sort of truck, but was used for hauling fertilizer and had no sides. It was heavily loaded at the time.

The jury could have found from the evidence that the tractor in front was traveling at the rate of about ten miles an hour and turned to the right side of the road, with its right front wheel off the hard surface, to permit defendant's truck to pass which was traveling thirty or thirty-five miles an hour; that defendant's truck undertook to pass the tractor and in doing so pulled into the left lane of traffic and had started back to the right (defendant's cab had just passed the tractor) when plaintiff's truck undertook to pass, not seeing the tractor and not knowing that defendant's truck was passing a tractor, and in thus attempting to pass defendant's truck, plaintiff's truck may have been entirely off the paved highway on the left except one or more of the cab wheels which collided with the rear wheels of defendant's trailer. That collision caused damage both to plaintiff's tractor and to defendant's trailer, which damage each party claimed against the other. The jury found in effect that neither of the truck drivers was negligent or that both of them were. Those were jury questions, and it was their province to decide them. The jury could have decided either way without violating the rule as to the great preponderance of the evidence. The trial judge overruled the motion for a new trial. He and the jury were in better position than we to reach a conclusion on the evidence, and therefore this Court should not reverse their ruling and finding.

Assignments of error 1 to 5.

Each of these assignments refer to a separate ruling on the admission of evidence. The first assignment refers to a re-

quest on cross-examination of plaintiff's driver, testifying as a witness, to explain the gear shifts on his truck. The answer to the question would shed light on the speed he was traveling and his care in using the five shifts he said were on the truck.

■ The second assignment is with reference to the action of the court in overruling an objection on the cross examination of plaintiff's driver. He had testified that he did not see the tractor which defendant's truck was passing when the collision occurred. Defendant's counsel was questioning him about his eyesight, to which he replied he had good eyesight; and he was asked if he had ever been to an "eye doctor". The objection was overruled, but he did not answer the question. The question was not subject to the objection, however, and not being answered was not prejudicial.

■ The third assignment of error is with reference to the cross examination of the witness J. T. Pugh who testified for plaintiff, and who was a passenger riding in plaintiff's truck which was equipped with a radio. The radio was playing a hill-billy song. The question was whether he was "playing it softly or very loud", and he answered "soft". Obviously, there was no reversible error in that respect. It was a part of the res gestae, and could have had some influence in abstracting the attention of the driver: that the radio was being played "soft" was favorable to plaintiff.

■■ The fourth assignment refers to the direct examination of plaintiff as a witness for himself. He testified that S. M. McCreary, the driver of his truck on that occasion, had been driving for him about two years. He was then asked whether during that time McCreary had ever had "any other accident with one of your (plaintiff's) trucks". The court sustained objection to the question, but permitted plaintiff to testify in that connection, over defendant's objection, that McCreary was a very careful driver. The character of this driver as such was not an issue and had not been attacked in the case. His negligence or care on other occasions and under different circumstances was not material on the question of his care on the occasion in question. First National Bank of Montgomery v. Chandler, 144 Ala. 286, 39 So. 822. See, Birmingham Railway, Light & Power Co. v. Hass, 190 Ala. 273, 278, 67 So. 504; 3 Mayfield Digest, p. 490 (Evidence), sections 1081, et seq; 65 C.J.S. Negligence, § 237 subds. a and b, pp. 1058, 1059; 20 Am. Jur. 310, section 332. Questions which involve an opinion as to what is proper care have been disapproved. Louisville and Nashville R. R. Co. v. Bouldin, 110 Ala. 185, 200(7), 20 So. 325, 326.

Our view is that the court did not commit error in the respect here complained of.

■ Assignment of error No. 5 is predicated upon a ruling on an objection to a question propounded on cross examination of plaintiff's witness Grover Owens, as to the speed of defendant's truck in which he was riding as a passenger. The question called for material evidence, but the witness answered that he had no idea. There was no error here shown.

We have considered all the assignments of error and the argument as to them and find no reversible error. It results the judgment should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MAYFIELD, JJ., concur.