## 40576. MELTON v. PRATT.

PANNELL, Judge. 1. Error is alleged in ground 4 because the judge charged the jury as follows: "I charge you that one may be a servant, although a bad servant, in performing his master's business at a forbidden place if the place is within the general territory in which the servant is employed." The charge as given, if error, was harmless when considered with the charge as a whole. The trial judge charged that for plaintiff to recover the jury must find that "the person driving the vehicle that ran into him was (1) the defendant's employee or servant; and (2) was acting within the scope of his employment and performing the duties for which he was hired in driving of the motor vehicle at the time he committed the alleged negligence and injured the plaintiff." See *Causey v. Swift & Co.*, 57 Ga. App. 604 (196 SE 228) ; *Henry v. Hosh*, 76 Ga. App. 819 (47 SE2d 159).

2. Ground 5 of the amended motion for new trial alleged error on the following charge: "I charge you that if a servant, while engaged in the business of the master, makes a slight deviation on business of his own, the master remains liable when the act is so closely connected with the master's affairs, though the servant might derive more benefit from it, it, nevertheless, might be regarded as in the scope of his employment," on the ground that it was confusing and misleading to the jury in that the court in effect caused the jury to be impressed and believe that defendant's employee had made only a slight deviation without regard to whether as a matter of fact said deviation was slight or great. We think this was error in that nowhere in the charge did the court submit to the jury the question of whether or not the "deviation was slight." See *Bunch v. McLeskey*, 173 Ga. 545 (2) (161 SE 128) ; *Powell v. Cortez*, 44 Ga. App. 205 (160 SE 698).

3. Grounds 6 and 7 are not meritorious. We do not subscribe to the theory that if a judge charges more than once to a jury that they are not to take his charge as expressing or intimating any opinion at all as to what the facts and the evidence in the case disclose, and that all questions of fact address themselves entirely and exclusively to the jury, then such charges unduly discredit the matter being charged in connection therewith. We do not think that, considering the charge as a whole, the judge erred in this respect.

4. When this case was previously before this court, *Pratt v. Melton*, 107 Ga. App. 127 (129 SE2d 346), it was held that the evidence authorized the jury to find that the driver of the car was in the defendant's employ and acting within the scope of his employment at the time of the collision, and did not demand a finding that the employee was not acting within the scope of his employment at the time of the collision. This is the law of the case. It follows, therefore, that assignments of error on the various charges complained of, based upon contentions to the contrary, are without merit.

5. Ground 8 complains that the court erred in charging that portion of *Code Ann.* § 68-1641, "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent having due regard for the speed of such vehicle and the traffic upon and the condition of the highway," on the ground that there was no evidence to support this charge. The plaintiff testified that he had stopped his car on a city street and remained stopped while the light was green because the cars ahead of him could not move and he did not want to block the intersection; that he had been stopped for three or four minutes when struck in the rear by defendant's automobile. A witness, whose car was across the intersection in front of plaintiff, testified that he heard tires squealing, looked and saw defendant's vehicle about 200 feet away and estimated he was driving 50-60 miles per hour. The testimony of a patrolman showed that the defendant's car skidded at least 75 feet before the point of collision, knocked the plaintiff's car across the street intersection and into a telephone pole, and continued to skid 15 feet more. In view of the evidence as to the greatly excessive speed of the defendant's car on a city street approaching an intersection blocked by traffic, the charge complained of, if error, was more favorable to the defendant than the evidence authorized, and was therefore harmless.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED MAY 12, 1964—REHEARING DENIED JUNE 1, 1964.

*Smith, Ringel, Martin, Ansley & Carr, Palmer H. Ansley,* for plaintiff in error.

*Rose & Lappas, Frank P. Lappas,* contra.